COLLINS *v.* CITIZENS BANK & TRUST CO., trustee.

1. The Tennessee statute requires competitive bids for loans made to members by building associations, but such bid may be in writing.
2. The contract was within the scheme of a building and loan association proper, and not usurious on its face.
3. There was no formal plea of usury, and the payments claimed in the defendant's plea were in fact allowed by the plaintiff.
4. The rulings as to the admission of evidence objected to were immaterial, since they could not in any event have changed the result.

5. The plaintiff made out a prima facie case by the introduction of the note and mortgage. This cast the burden upon the defendant, which he failed to carry ; and there was no error in refusing to grant a new trial.

Argued November 17, — Decided December 21, 1904.

Foreclosure of security deed.    Before Judge Henry.    Floyd superior court.    February 2, 1904.

In August, 1892, Collins made to the Citizens Bank and Trust Company, of Tennessee, a mortgage in trust for the purpose of securing a promissory note payable to the Atlas Savings and Loan Association, of Tennessee, chartered as a building and loan association under the laws of Tennessee. In addition to the promise to pay the principal sum, this note also promised to pay certain amounts for each week for dues, interest, and premiums. The Trust Company instituted, in the superior court of Floyd county, proceedings to foreclose the mortgage for the balance due. The rule nisi issued. By an amendment the plaintiff made profert and an exhibit of the constitution, charter and by-laws of the Atlas Savings and Loan Association. The defendant answered, denying the allegations of the original petition, and that he was the owner of any of the capital stock of the Atlas Savings and Loan Association ; and averred that it was not a building and loan association pure and simple, but that it had devised a scheme under the form of a building and loan contract for exacting usurious interest. There was also attached a list of payments made by the defendant, and a statement in the plea that "upon an accounting he believes he has paid the original loan, the interest due upon it, and a sum in excess of those charges." The plaintiff introduced the note, the charter, by-laws, and constitution contained in the book furnished to the defendant, and the act of the Tennessee legislature on the subject of building and loan associations, from which it appeared that the premium bid by borrowing stockholders for the preference or priority of loans may be paid in installments, not as a part of the loan, and not as interest, but as a means of determining which one of the shareholders shall receive a loan whenever there are a number of stockholders who may simultaneously desire to effect a loan. The plaintiff also introduced the application of the defendant for membership and constituting Rood his attorney and agent to sign the rules and by-laws, which the plaintiff also agreed to abide by. The defendant

objected to the admission of the by-laws signed by Rood, and to the proof of the charter; and in several assignments of error raised the point that under the Tennessee statute the bid for the loan could only be in person; and there was evidence that defendant's bid had been made in writing, and that such written bid had been read and accepted at a meeting for the sale of money. The plaintiff proved and admitted payments equal to or in excess of those set out in the defendant's plea. The president of the building and loan association testified at length as to the method on which its business was conducted. There was a verdict for the plaintiff. A motion for a new trial was overruled, and the defendant excepted.

*Henry Walker*, for plaintiff in error. *W. J. Neel*, contra.

LAMAR, J. (After stating the foregoing facts.) Had the loan been an advance of money between an ordinary lender and borrower, the evidence shows that the amount paid by the defendant would have satisfied the principal and interest thereof. But the defendant's note promised to pay the debt, interest, dues, and premiums under a building and loan contract, the scheme of which was considered in *Kirklin* against this same *Association*, 107 *Ga.* 313, where a contract substantially like the one here involved was held not to be usurious. That question, however, is really not in the case, because the defendant filed no formal plea of usury. *Hawkins* v. *Americus B. & L. A.*, 96 *Ga.* 209; *Pattison* v. *Albany B. & L. A.*, 63 *Ga.* 377; *Tillman* v. *Morton*, 65 *Ga.* 386. The payments claimed by him were allowed. He objected to the method of proving the charter, and had there been a plea of usury the question might have been important in testing its corporate powers. But he dealt with the association as a corporation, and was estopped from denying its corporate existence. Civil Code, § 1862. The contract, being one within the scheme of a building and loan association proper, was authorized by the general statute of Tennessee under the laws of which the Atlas Association was chartered. This statute was introduced in evidence. We find nothing in that statute, or in any decision from the courts of Tennessee produced to us, requiring anything more than competitive bids for the sale of the money by the association to the members. Indeed we find a recent ruling that a

written bid is sufficient under the statute. Hughes *v.* Farmers' Ass'n (Tenn.), 46 S. W. 362. The testimony is that the money was cried at open meeting; that the defendant, through another, presented his written bid, which was accepted. The rulings complained of as to the admission of testimony could in no way work a reversal, since such evidence was not essential to plaintiff's case. It made out a prima facie case on introducing the note. The burden was then cast upon the defendant. This he failed to carry. If the evidence objected to had been excluded, it would have still left this burden on the defendant. The case may be a hard one for him, but it arises from the form of the contract he made, and his agreement to pay a high premium to an association of which he was a member. These premiums in local associations conducted at small expense the member got back in the shape of dividends. And where the scheme is the same, the member is theoretically supposed to get the same dividend on stock held by him in the larger but more expensively conducted associations. The fact that this theory is rarely realized in practice, in and of itself alone, furnishes the courts no authority to relieve against the hard bargain.

*Judgment affirmed.     All the Justices concur.*