## SOUTHERN RAILWAY COMPANY *v.* GORE.

</div>

1. In a suit by a passenger against a railroad company to recover damages for a personal injury, where the pleadings and evidence make an issue as to the plaintiff's diligence and the defendant's negligence, it is error for the court to omit an instruction to the jury embodying the principle expressed in the Civil Code, §3830, that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

2. The error referred to in the preceding note was emphasized by an instruction that if the plaintiff and the agents of the company are both at fault, the plaintiff may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him, without the qualification contained in the Civil Code, §3830.

<div style="text-align:center">Argued April 22,—Decided July 11, 1907.</div>

Action for damages. Before Judge Bartlett. Douglas superior court. May 12, 1906.

*Hugh M. Dorsey* and *B. G. Griggs,* for plaintiff in error.

*Lawton Nally* and *H. W. Nally,* contra.

EVANS, J. In her petition against the Southern Railway Company, to recover damages for injuries alleged to have been sustained by her while a passenger of defendant's train, Mrs. E. V.

Gore made substantially the following allegations: Petitioner, in company with her adult daughter, presented herself as a passenger on one of defendant's trains, after having provided themselves with tickets. Just as they were about to enter the train, petitioner's daughter notified the conductor that petitioner was blind, and sixty-one years of age, and requested that she and petitioner might have time to enter the cars and get seats therein. Petitioner and her daughter were assisted by the conductor on the first step of the car, and immediately after helping petitioner on the step, and before she had an opportunity to enter the coach, the conductor signaled the engineer, and the train immediately started. While petitioner was on the outside of the platform of the car endeavoring to enter the same, she was violently thrown against the door-facing of the car by the jerking motion of the train and sustained an injury in her left knee. Petitioner aided by her daughter proceeded into the car, and on account of its crowded condition it was necessary for her to go through the car to find a vacant seat, and while looking for a seat petitioner was thrown, by the motion and sudden jerking of the car, against the arm of one of the seats in the car, and, as a consequence, was greatly bruised and wounded in the right leg. She alleged, that the injuries thus sustained are permanent in character, that she has suffered great physical pain, and that she has expended a large sum for medicines and medical attention in her efforts to be cured of the soreness and lameness occasioned by her injuries. She alleged, that the company was negligent in that it did not give her a sufficient time to get aboard the train in safety; in not assisting her upon the train after her physical infirmities were made known to the conductor; in not allowing a sufficient time to petitioner to find a seat; in putting the train in motion while petitioner was outside on the platform endeavoring to get inside the car; and in not furnishing sufficient cars in which passengers thereon could have seats, and conveniently find them while boarding the train. The railroad company by way of plea denied all the allegations of negligence and injury; and further pleaded that if petitioner was injured and damaged as set out in her petition, it was through lack of care on her part.

1. The plaintiff submitted evidence tending to show that she was injured as set out in her petition. Her daughter testified

that the train did not stop long enough for her mother and herself to enter the car; that the conductor assisted plaintiff on the first step of the coach and signaled the engineer, and the train started with a jerk while plaintiff was on the coach platform and before she had had time to enter the car, and the sudden jerk of the train caused plaintiff to be thrown against the facing of the car door. After entering the car they found it crowded with passengers, and it was necessary to go half-way through the car to find a vacant seat. While looking for a seat the plaintiff injured her knee by striking it against the arm of a seat. The defendant submitted evidence tending to show that it was not negligent as alleged; that the train stopped long enough for the plaintiff to board the car and find a seat; that the car was not crowded; that the conductor was not informed and did not know of plaintiff's infirmity, and no one applied to him for assistance, and that no complaint of the plaintiff's injury was made to him. The trial resulted in a verdict for the plaintiff, and the defendant was refused a new trial.

From this brief reference to the evidence it will be seen that there was a conflict as to the defendant's liability. Negligence and diligence are always questions of fact for the jury under appropriate instruction by the court upon the law. When it was shown that the plaintiff was a passenger, and sustained injuries caused by the running of the defendant's locomotive and cars, the plaintiff made out a prima facie case, and was entitled to recover unless the evidence showed, (1) that the plaintiff's negligence caused the injury; or, (2) that the railroad company was not negligent; or, (3) that if the railroad company was negligent the plaintiff could have avoided the consequences to herself of that negligence by the exercise of ordinary care. In its motion for a new trial complaint is made that the court entirely omitted to charge the principle involved in the Civil Code, §3830, that if the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendant's negligence, she was not entitled to recover. This principle is not alluded to in the charge, and indeed the court certified that he "nowhere charged the language or substance of section 3830." The defendant's plea and evidence not only made an issue as to defendant's own negligence, but also as to plaintiff's diligence. The law denies a plaintiff the

right of recovery not only where her negligence causes the injury, but also where by the exercise of ordinary care she could have avoided the consequences to herself of the defendant's negligence. Granting the defendant may have been negligent, it was for the jury to say whether the consequences of that·negligence could have been prevented by proper care on the plaintiff's part. This was one of the substantial defenses of the defendant, and the court was bound to notice it in defining the law appropriate to the issues made by the pleadings and evidence. In every case it is the duty of the court to furnish the jury the legal principles applicable and necessary to guide them in the solution of the substantive issues made by the pleadings and evidence. An omission to instruct the jury upon the law pertaining to a defense which finds · support in the evidence, and which would be a bar to a recovery, is a denial of a substantial right to the defendant. The railroad company was entitled to have the jury weigh the circumstances attending the injury alleged to have been sustained, and to decide whether under those circumstances the plaintiff in the exercise of ordinary care could have avoided the consequences to herself caused by the defendant's negligence, if it was in fact negligent, and to have the jury instructed upon the law appropriate to this issue. A failure to charge the jury on this issue was substantial error. *Central R.* v. *Harris,* 76 *Ga.* 501; *Atlanta Railway Co.* v. *Gardner,* 122 *Ga.* 92.

2. The error committed by the court in the failure to charge the substance of the Civil Code, §3830, was accentuated· by the instruction, "No person shall recover damages from a railroad company for an injury to himself or his property, where the same is done by his consent or is caused by his own negligence. If the plaintiff and the agents of the company are both at fault, the plaintiff may recover, but the damages shall be diminished by the jury in proportion to the·amount of default attributable to him." This last charge is made a ground of exception in the motion for a new trial, because it joins and states in immediate connection, and without explanation, two distinct propositions of law without qualification. The charge of which complaint is made is substantially the Civil Code, §2322. In *A., P. & L. R. Co.* v. *Luckie,* 87 *Ga.* 6, it was held to be error to give this entire section in immediate connection without qualifying it by an instruction to the

effect that if both parties were at fault, and the alleged injury was the result of the fault of both, and the plaintiff could not by the use of ordinary care have avoided the alleged injury to herself, occasioned by the defendant's negligence, nothwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be diminished in proportion to the amount of default attributable to her. *Macon Ry. Co.* v. *Streyer,* 123 *Ga.* 280, and cit. The other grounds of the motion are without merit, and a new trial is granted for the errors herein pointed out.

                    *Judgment reversed.    All the Justices concur.*