### SOUTHERN COTTON OIL COMPANY v. CALEB.

1. Under the pleadings and the evidence in the case, it was erroneous not to charge the principle of law that if the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, he could not recover; although the court was not requested in writing to so charge.

2. The court should not have instructed the jury, as to one question involved in the case, so as to confine the jury's attention to that question to the exclusion of other important issues involved under the pleadings and the evidence.

JUNE 23, 1915.

Action for damages. Before Judge Hawkins. Laurens superior court. January 23, 1914.

Ezekiel Caleb brought suit against the Southern Cotton Oil Company, to recover damages for personal injuries, alleging in the petition, that, being an employee of the defendant, he was ordered by its superintendent, who was in charge at the time and who had supervision over petitioner, with the right to order and control his conduct at the company's mills, to hold in his hand a scantling raised upright, with the end resting against a shafting near the ceiling; that while he was in this position, standing on the floor and holding the scantling as he was ordered to do, and while the superintendent was working at some pulleys or shafting located in the ceiling directly above where petitioner was standing, the superintendent carelessly and negligently let fall a heavy block, which struck petitioner upon the head and thereby inflicted serious injuries upon him; that the superintendent was negligent in ordering petitioner to assume a perilous position; that the block was negligently dropped; that the plaintiff himself was free from negligence; and that his injuries were due entirely to the negligence and carelessness of the superintendent. Upon the trial of the case the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and it excepted.

*Davis & Sturgis*, for plaintiff in error. *J. S. Adams*, contra.

BECK, J. (After stating the foregoing facts.)

1. Error is assigned upon the failure of the court to charge the jury that if the plaintiff could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; as provided in section 4426 of the Code of 1910, in regard to diligence upon the part of the plaintiff. The plaintiff had testi-

fied to acts showing negligence upon the part of the defendant's employee, but he also testified to certain facts which would have authorized the jury to find that by the exercise of diligence on his own part he could have avoided the results of the negligence of the person to whom he refers in the case as the superintendent of the defendant company, and who, at the time of the injury, was working at certain shafting in a position about ten or fifteen feet directly over the head of the plaintiff. It appears from the plaintiff's own testimony that while the person to whose negligence he attributes his injuries was working upon the shafting in the position just referred to, the plaintiff knew that there were certain objects which might, unless he exercised due care for his safety, be dropped upon him; for, shortly before the block was dropped which struck him, a hatchet had been dropped, and he knew there were other objects above him which might be caused to fall, if the person engaged in working upon the shafting should not exercise care; and, according to his own testimony, he called out, cautioning that care should be used. Under these circumstances it seems perfectly clear that the question as to whether the plaintiff could have avoided the consequences of the defendant's negligence was directly involved in the case; and it was the duty of the court to instruct the jury as to the principle of law which would defeat the plaintiff's right to recover in case he failed to exercise due diligence to avoid the result of negligence upon the part of the defendant's other employee. *A., K. & N. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818).

2. Complaint is also made of the following charge of the court: "Now the question in this case is, whether or not the plaintiff in the case, at the time he entered into the employment of the defendant, assumed the risk of the danger of the falling of this piece of timber. In other words, was that one of the ordinary risks that he assumed when he went into the employment of the company? and that is the question for you to determine from the evidence in this case." This charge is criticised upon the ground that in giving it the court limited the jury to the sole question of his assuming this risk at the time he entered into the employment of the company, and thereby excluded other questions from the consideration of the jury. The criticism of the charge is pertinent and the exception well taken. The question stated may be one of the ques-

tions involved; but the charge is too restrictive, and tends too much to confine the attention of the jury to the question stated. As we have indicated in the preceding division of this opinion, the question as to whether or not the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, if the defendant was negligent, is directly involved in the case; and the charge last quoted tended to exclude that as one of the issues for the consideration of the jury. And we could with propriety add here, although there is no distinct assignment of error upon any part of the court's charge raising the question, that it is a question under the evidence as to whether or not the person alleged to have been the superintendent was merely a fellow servant, in view of the work in which he was engaged in connection with the plaintiff at the time the latter received the injuries for which he brings suit. The fault in the charge under consideration affects other portions of the charge complained of; but, having indicated the vice in this charge, it is not necessary to take up the other grounds of the motion for a new trial where it is apparent, and deal with them separately.

Except as indicated, there were no errors in the other rulings of the court as shown in the motion for a new trial.

*Judgment reversed. All the Justices concur.*