### 10170.   CENTRAL OF GEORGIA RAILWAY CO. *v.* REID.

1.  Where a railroad company placed a hand-car in a public road near the railroad-tracks at a public crossing, and buckets and coats were hanging on the car, and in driving a mule hitched to a buggy in which the plaintiff was riding as the guest of the owner and driver it was necessary, in order to go over the crossing, that the mule and buggy

be driven past the car and within a few feet of it, and the wind rattled the buckets and; waved the coats on the car, thereby frightening the mule and causing it to run away and upset the buggy and injure the plaintiff, and where, on the trial of an action for damages on account of the injury, it appeared that the driver saw the car and the buckets and clothes thereon when he was about thirty feet away, and that the mule stopped when about six feet from the car and was looking at it and trembling, and the driver urged the mule on until it ran away and upset the buggy, it was for the jury to say whether the plaintiff had a reasonable opportunity to get out of the buggy safely after the mule showed symptoms of fright and before it ran away, and whether his failure to do so amounted to a want of ordinary care on his part for his own safety.

2. The court, having failed to submit to the jury the question whether the plaintiff, by the exercise of ordinary care, could have avoided the injury sued for, a new trial is required.

DECIDED MAY 7, 1919.

Action for damages; from Haralson superior court—Judge Bartlett. February 11, 1918.

*J. Branham, Griffith & Matthews, Maddox & Doyal,* for plaintiff in error.

*S. Holderness, James Beall,* contra.

BROYLES, P. J. The plaintiff's petition, in the absence of a special demurrer, sufficiently alleged in substance and in effect that the placing of the hand-car in the public road, with its accompanying "paraphernalia, scarecrows, etc.," was unnecessary and unusual, and that the objects so placed were of such a character as to be calculated ordinarily to frighten horses or mules traveling along the road. See, in this connection, *Louisville & Nashville R. Co.* v. *Barnwell,* 131 *Ga.* 791 (2) (63 S. E. 501). The evidence upon the trial was sufficient to support these allegations, and the court correctly instructed the jury thereon.

Under the evidence submitted and the legal inferences arising therefrom, we think that the jury were authorized to find that the hand-car in question was the property of the defendant, that it had been placed in the public road near the defendant's railroad-tracks—at a public railroad-crossing—by employees of the defendant, that the buckets and coats had been placed on the car by such employees, and that this car with the accompanying buckets and coats was the proximate cause of the mule's fright and the plaintiff's injuries. It does not appear from the evidence that the placing of these articles upon the car by the employees of the defendant company was an act so disconnected from their duties

as to relieve the railroad company from liability therefor.

Whether the defendant was guilty of negligence in placing the hand-car in the public road at the railroad-crossing, so that the mule had to be driven past the car and within a few feet of it, and whether the defendant was negligent in having buckets and clothes hanging on it in such positions that the wind rattled the buckets and waved the clothes, thereby frightening the mule and causing him to run away and injure the plaintiff, were questions for the jury. See, in this connection, Locke v. International & Great Northern Ry. Co., 25 Tex. Civ. App. 145 (60 S. W. 314), a case almost identical with this case.

It was also a question for the jury whether the negligence of the defendant was the proximate or a contributing cause of the injuries, or whether they resulted solely from the negligence of the driver of the mule. If the injuries were caused *solely* by the negligence or want of ordinary care of the driver, without any contributing negligence of the defendant, the plaintiff could not recover. If the negligence of the defendant and the driver concurred in causing the injuries, the plaintiff could recover, provided he could not by the exercise of ordinary care have avoided being injured; and his damages should not be diminished on account of the driver's negligence, even if such negligence amounted to the want of ordinary care on the driver's part, as the negligence of the driver could not be imputed to the plaintiff—a guest of the driver. *East Tennessee &c. Ry. Co.* v. *Markens,* 88 *Ga.* 60 (2) (13 S. E. 855, 14 L. R. A. 281). See also *Seaboard Air-Line Ry.* v. *Barrow,* 18 *Ga. App.* 261 (5) (89 S. E. 383). If, however, the plaintiff himself, by the exercise of ordinary care, could have avoided being injured, he would not be entitled to recover.

It was also for the jury to decide whether the plaintiff and the defendant were both at fault. If they were, the plaintiff, if not lacking in ordinary care, could still recover, but his damages should be diminished by the jury in proportion to the amount of default attributable to him. Civil Code (1910), § 2781. It was for the jury to determine whether he had an opportunity to get out of the buggy after the defendant's negligence became operative and before the mule ran away, and whether his failure to do so amounted to a lack of ordinary care for his own safety, or was a less degree of negligence, or amounted to any negligence whatever on his part. The

jury should also have passed upon the question whether he was at fault in seizing one of the driving lines of the buggy and in drop-ping two zinc well-buckets into the bottom of the buggy after. the mule had started running away and before the buggy was over-turned and the plaintiff thrown out. These questions should have been submitted to the jury. The failure of the court to submit to them the question as to the plaintiff's exercise of ordinary care, even though not requested so to do, requires a new trial. *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardiner,* 122 *Ga.* 82 (7) (49 S. E. 818); *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180); *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (1), 586 (85 S. E. 707). Especially is this true since the question as to his exer-cise of such care after the alleged negligent acts were discovered by him arose from the evidence adduced in his behalf.

The court erred also in instructing the jury that if they found for the plaintiff they could, in assessing the damages, consider the pain and suffering or "humiliation" which he had sustained. Under the facts of the case a recovery for humiliation was not authorized.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*