Pleadings, 31 Cyc. p. 360, n. 20.

Trial, 38 Cyc. p. 1565, n. 84; p. 1574, n. 21; p. 1575, n. 22.

---

18312.   STODDARD, agent, etc., v. CHURCHILL LINE.

BROYLES, C. J.  The case, by consent of both parties, was submitted to the court, without the intervention of a jury, upon an agreed statement of facts, and the court did not err in rendering a judgment in favor of the defendant, or thereafter in refusing to grant a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 16, 1927.

Complaint; from Chatham superior court—Judge Meldrim.  April 16, 1927.

For an alleged balance due as rent under a lease, the Churchill Line was sued by Edward S. Stoddard as agent for the estate

---

Appeal and Error, 4 C. J. p. 890, n. 90.

of H. M. Stoddard.  The lease ran from year to year and provided for its continuance unless at least three months' written notice were given before its expiration.  The parties differed as to the effect of an agreement under which rent was reduced for a stated period and bills rendered and receipts given for the reduced amount for some time after that period, the suit being for the difference between that amount for this additional period and the amount which under the original agreement would have been due for the same period, and the plaintiff contending, in the brief of his counsel in this court, that the billing and receiving of reduced rent for the additional period was at variance with the written contract and was an error, while the defendant contended that there was an automatic renewal and extension of the lease at the rate existing in the agreed period of the reduction; that the parties, by their course of dealing, placed this construction on the contract; and that the case is governed by section 4227 of the Civil Code (1910), which provides that "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement.  Until such notice, the departure is a quasi new agreement."  It was also contended that the payment and acceptance of the reduced amount for the period stated constituted an accord and satisfaction.  Upon an agreed statement of facts the case was tried by the court without a jury, and judgment was rendered for the defendant.  The case came to this court on exceptions to the overruling of a motion for a new trial, based on the usual general grounds.

The lease was dated October 1, 1920, and was for a term of twelve months next ensuing, and covered offices in Savannah at Numbers 34 and 36 East Bay street and warehouses directly under the same.  It contained a clause as follows:  "The tenant does covenant and agree to give the landlord, or his agent, not less than three months' notice in writing of his intention to give up the premises at the end of this lease prior to the expiration thereof, or at the end of any renewal or renewals thereof, otherwise the lease will be continued in force for a year from its expiration, and from year to year until such notice is given; the landlord to have

the privilege of cancelling this lease by giving the same notice."
The agreed rental was $3600, payable in monthly installments of
$300 in advance on the first day of each month. The lease "was
renewed from rental year to rental year until October 1, 1924."
On July 11, 1924, the parties entered into an agreement as to
renewal of the lease. This agreement was in a letter of the lessor,
which says that as agreed, the lease "is hereby amended to make
the rental for the year Oct. 1st, 1924, to Oct. 1st, 1925, $270.00
per month; also the privilege granted to give up either 34 or 36
E. Bay street on ninety days' notice after present lease year Oct.
1st, 1924. It is understood the above changes apply only for the
lease year Oct. 1, 1924, to Oct. 1, 1925. In all other respects the
lease remains unchanged." This was accepted in writing by the
lessee. Under both the original lease and the new arrangement
a half of the rental applied to 34 East Bay street and a half to
36 East Bay street. On July 3, 1925, an agreement was made
as to the rental of 36 East Bay street, as set out in a letter of
the lessor which says: "Confirming agreement with your Mr.
Beytagh as to notice under lease for offices 34-36 East Bay street,
it is agreed that notice of your desire to discontinue lease be
temporarily waived so far as relating to next lease year commenc-
ing Oct. 1, 1925, you agreeing to advise me of any changes as
soon as same may be determined and prior to October, 1925. . .
In reference to rental of 36 East Bay, it is understood that your
rental on this portion of the offices was reduced to $75.00 per
month from Mch. 11, 1925, to October 1, 1925." This was ac-
cepted in writing by the lessee. Bills were regularly rendered and
paid for rent of 34 and 36 East Bay street at the reduced rate
until June, 1926. On June 23, 1926, the lessor wrote to the
lessee: "As requested by you, it is agreeable that your lease of
offices at 34-36 Bay street . . dated October 1, 1920, be
terminated as of June 1, 1926, in so far as liability for rentals
accruing on and after June 1, 1926, are concerned." This was
accepted and agreed to in writing by the lessee.

*H. Mercer Jordan, Robert L. Colding,* for plaintiff, cited: 128
*Ga.* 628 (4); Id. 695; 15 *Ga. App.* 678 (2); 141 *Ga.* 565 (2).

*Stephens & Stephens,* for defendant, cited: Civil Code (1910),
§§ 4266, 4227; 16 *Ga. App.* 636.