19500. CANTRELL *v.* HERTZ DRIVURSELF STATIONS.

STEPHENS, J. Where a person rents or hires an automobile from its owner under a contract by which the hirer, or his employee, and none other, is to operate the automobile, and, after a stipulated period of time, return it to its owner, and where it does not appear that the hirer, when using the automobile pursuant to this contract, is on the business of the owner and therefore acting as the owner's agent, the relationship between the parties as established by the contract is not alone sufficient to establish the relationship of principal and agent between the owner of the automobile and the hirer or the latter's employee, when the hirer or his employee afterwards operates the automobile pursuant to the terms of the contract. 6 C. J. 1099 (§ 14), 1151 (§ 114).

2. In a suit against the owner of an automobile, to recover damages for personal injuries alleged to have resulted from its running into the plaintiff, where the petition alleged that the automobile had been "rented" or hired under such a contract as indicated above, that by the execution of the contract the hirer of the car and the hirer's employees were constituted agents of the defendant when operating the automobile under the contract, that the hirer acquired possession of the automobile and operated it as agent of the defendant, that after receiving it from

the defendant and going off with it the hirer "picked up" another person, that when it struck and injured the plaintiff, the hirer and this person were occupying and driving it as agents of the defendant, and where it did not appear otherwise from the petition that the alleged agency arose by virtue of any relationship between the persons driving the automobile and the defendant, the petition, when construed most strongly against the petitioner, as must be done, should be construed as alleging that the agency of the persons operating the automobile at the time of the injury arose only by virtue of the relationship created by the contract. Since the relationship between the defendant and the occupants of the automobile as established by the contract was not one of principal and agent, the petition failed to set out a cause of action, and the court properly sustained the general demurrer. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 31, 1930.

*V. E. Adams,* for plaintiff. *Hughes Roberts,* for defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*