20950.  ATLANTA COACH COMPANY *v.* CURTIS.

DECIDED MARCH 31, 1931.

*Bryan, Middlebrooks & Carter, O. W. Russell,* for plaintiff in error.

*Howell, Heyman & Bolding,* contra.

LUKE, J.   D. C. Curtis brought an action against Atlanta Coach Company to recover damages arising out of an automobile collision. The jury found for the plaintiff, and the defendant's exception is to the judgment overruling its motion for a new trial.

The petition alleges: that at about six o'clock p. m. on November 30, 1927, petitioner, accompanied by his wife, was driving his automobile along East Lake Drive, between the Belt Line Railroad and Ponce de Leon Avenue, towards Oakhurst, at not more than ten or twelve miles per hour, and on the right-hand side of said East Lake Drive, when defendant's large, double-deck automobile coach containing passengers approached, traveling towards Atlanta at from forty to forty-five miles per hour; that, "as the said coach approached the car in which petitioner was riding, on account of said excessive speed it began and continued to skid and turn from one side of said drive to the other, and, when it came near to the car in which petitioner was riding, it suddenly and without warning, and with great force and violence, skidded, and whirled entirely around and came into violent contact and collision with the rear of the car of petitioner, demolishing said car and very seriously injuring petitioner's wife and petitioner himself;" that defendant "was negligent in operating said heavy double-deck coach along said East Lake Drive at the place in question, at the high, reckless, and dangerous rate of speed of from forty to forty-five miles per hour, when said street was wet and there was a slight rain falling, and said coach was, therefore, liable to skid on account of the condition of said drive;" that defendant was negligent in allowing said coach to skid and strike petitioner's car at a time when it was on the right-hand side of said street at a place where it was entitled to be;

that the point where said collision occurred was on a curve, and defendant was negligent in operating said coach around said curve at said rate of speed at said time and place, and in not having it under control; and that defendant was negligent in not operating said coach at said time and place with due regard to the conditions then existing, and the safety of petitioner and others. The petition is very long, and we have set out only the substance of those allegations which illustrate the questions raised by the record. The answer is a categorical denial of every paragraph of the petition except paragraph 1, which alleges jurisdiction.

Besides the usual questions raised by the general grounds, the motion for a new trial raises two main contentions: first, that the defendant was not responsible for the alleged negligence of the driver of its bus, because the latter was the servant of the hirer of said vehicle at the time of the collision, and not of the defendant; and, second, that the court erred in failing to charge, without request, the principle of law contained in section 4426 of the Civil Code (1910), that, "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." We shall consider the last question first. The averment in paragraph 20 of the petition that plaintiff "was not at fault even in the slightest degree, . . and that there was no way by which petitioner could avoid the results of the negligence of said company," together with the specific denial of said paragraph in the defendant's answer, made contributory negligence an issue under the pleadings. *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7), 92, 93 (49 S. E. 818); *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (85 S. E. 707); *A. C. L. R. Co.* v. *Canty,* 12 *Ga. App.* 411 (3), 417 (77 S. E. 659). It is, of course, reversible error for the court to fail to charge as suggested when both the pleadings and the evidence present that issue.

D. C. Curtis testified in part: "I noticed the coach coming along about three blocks away from me. I noticed the coach was kinder bobbing about. Still I never thought anything about it, and I just drove on. I was driving about ten or twelve miles an hour. It was raining a little bit, and I had proceeded about half a block, and that coach had come three blocks, traveling, I judge, about forty miles an hour or more. . . I figure it was going pretty

fast. All of a sudden it made a whirl around and headed back the same way I was going, and hit on the right-hand side of my car. . . It was dark. I had my lights on, and the coach had their lights on. . . As I approached this bus I was about eight feet from my right-hand curb. . . I was coming straight on. I didn't turn either way, towards the curb, or out into the street. . . It is a gradual incline, . . not very steep. I was going a little up hill, and the coach coming down meeting me. . . That street must be fifty feet wide—something like that. . . When I first saw it, it wasn't skidding and snaking from one side to the other to any extent—not enough to alarm me. I saw it, and I judge it was going forty-five miles an hour. . . The rain, and the street being flat, made it treacherous; . . the street is slippery when it is wet. . . It was coming towards me, just slightly down grade. . . I couldn't tell you how close it was over next to its right-hand curb. I could just tell from the lights, and it looked like it was where it belonged on that side. . . I didn't observe it going forty miles an hour coming towards me. I didn't realize that until it struck me. . . I didn't bring my car to a stop, or try to get closer to my right-hand curb when I saw it. I didn't change my course at all. I was just at the same angle—the same distance, you might say, right along. I didn't anticipate any trouble. I drove right along like I would ordinarily. . . I looked up when Mrs. Curtis made some remark to me. I agreed with her that it was acting funny. That was at the time when I first saw it."

In the light of the foregoing testimony of the plaintiff, we hold that it was error for the court to charge in effect that if the driver of the bus was the defendant's agent in and about operating the bus at the time of the collision, and the collision was brought about by the failure of said agent to use ordinary care in operating the vehicle, the defendant would be liable, without anywhere giving the jury in charge the principle of law contained in the said code section.

We will also state that in our opinion it would have been better for the court to have charged the rule of law applicable to "comparative negligence;" that is to say, the rule for reducing the damages where the plaintiff is not without fault but his negligence does not amount to such failure to use ordinary care as will prevent a recovery altogether.

In reference to the criticisms of the court's charge upon the conditions under which the defendant, the general employer of the driver of the bus, would be responsible for the negligence of such driver, we shall merely say that, construing the excerpts from the charge complained of in special grounds 4 and 5 with other parts of the charge upon the same subject, we do not think that either of these grounds discloses reversible error. See, in this connection, *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624); *Reaves* v. *Columbus Electric &c. Co.,* 32 *Ga. App.* 140, 147 (122 S. E. 824); *Ga. Ry. & Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156, 158, 159 (128 S. E. 777); *U. S. F. & G. Co.* v. *Stapleton,* 37 *Ga. App.* 707 (141 S. E. 506); *Brown* v. *Smith & Kelly,* 86 *Ga.* 277 (12 S. E. 411, 22 Am. St. R. 456).

Since the judgment is reversed solely upon the ground that the court erred in failing to charge the law as set forth in section 4426 of the Civil Code of 1910, as above indicated, we shall not express ourselves further in regard to the evidence in the case.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*