. 23313. BLACK AND WHITE CAB COMPANY *v.* SMITH.

MacINTYRE, J. 1. It is well settled that where the pleadings and the evidence raise the issue of whether the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is the duty of the trial judge to give this principle in charge to the jury without request. *Atlanta &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (49 S. E. 818) ; *Deen* v. *Wheeler*, 7 *Ga. App.* 507 (67 S. E. 212) ; *Jackson* v. *Georgia R. &c. Co.*, 7 *Ga. App.* 644 (67 S. E. 898) ; *Georgia Ry. & Power Co.* v. *Freeney*, 22 *Ga. App.* 457 (96 S. E. 575) ; *Central of Ga. Ry. Co.* v. *Reid*, 23 *Ga. App.* 694 (99 S. E. 235) ; *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (118 S. E. 488) ; *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821) ; *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (123 S. E. 757) ; *Atlantic Coast Line R. Co.* v. *Canty*, 12 *Ga. App.* 411 (77 S. E. 659) ; *Southern Ry. Co.* v. *Gore*, 128 *Ga.* 627 (58 S. E. 180) ; *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63). Where there is a general denial by the defendant of a paragraph of the plaintiff's petition alleging that he was in the exercise of ordinary care (*Ga. Ry. & Power Co.* v. *Freeney*, supra, *Olliff* v. *Howard*, supra), or where such defense is expressly pleaded, and the evidence of the plaintiff (*Southern Cotton-Oil Co.* v. *Caleb*, 143 *Ga.* 585, 85 S. E. 707), or of the defendant,

or both together, reasonably raise such issue, it is error requiring the grant of a new trial for the trial judge to fail to give this principle in charge to the jury. The court, however, charged on this point many times, one instance being as follows: "If you should believe that the driver of such car was negligent in one or more of the manners alleged in this petition, and if you should further believe that this plaintiff was injured as a result of such act or acts of negligence on the part of the driver of the car, that his injuries were proximately due to such negligence, *and that he could not have avoided that injury to himself by the exercise of ordinary care* (italics ours), then, in that event, the defendant would be liable." The Civil Code (1910), § 4426, provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." If a more detailed statement of this principle was desired, a written request should have been made therefor.

2. The court fully and fairly submitted to the jury the question as to the agency of the driver of the taxicab, and their verdict has his approval and will not be disturbed by this court. This case is clearly distinguishable from *Cantrell* v. *Hertz Driveurself Stations,* 40 *Ga. App.* 841 (151 S. E. 694).

3. The error, if any, with reference to there being no pleading or evidence to sustain the charge of the court with reference to loss of earnings while incapacitated for work, is cured by the voluntary writing off from the verdict of an amount equal to what could have been recovered as a maximum therefor under the evidence.

4. The other assignments of error are manifestly without merit. The verdict is supported by ample evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided February 19, 1934.

. *Samuel D. Hewlett, Douglas, Douglas & Andrews,* for plaintiff in error.

*Burress & Dillard,* contra.

