25000. ROGERS *v.* McKINLEY *et al.*

DECIDED NOVEMBER 18, 1935.

*Cecil A. Baldwin, McCullar & McCullar*, for plaintiff.
*Sibley & Allen*, for defendants.

SUTTON, J. The plaintiff, by her father as next friend, instituted suit against the defendants trading as McKinley Park Company Inc., the owners and operators under that name of a public amusement park and swimming pool; in which suit she sought to recover damages for personal injuries on account of alleged negligence of the defendants in the operation of such park and swimming pool. The trial resulted in a verdict in favor of the defendants. The plaintiff moved for a new trial, and to the judgment overruling this she excepted and brought the case to this court, where the judgment was reversed because of an error in the charge of the court to the jury. *Rogers* v. *McKinley,* 48 *Ga. App.* 262 (172 S. E. 662). On the call of the case for the second trial the plaintiff moved that the court qualify the panel of trial jurors by purging it of any and all employees of, stockholders in, or relatives of stockholders in the United States Fidelity & Guaranty Company, it being asserted that the defendants carried liability insurance with the named company, to cover the kind of accident alleged to have been sustained by the plaintiff, and that any judgment obtained against the defendants would therefore be borne by that company. On this motion it appeared that the insurance company had paid the defendants' attorneys a fee in this case, and had paid the appellate court costs incurred when this case was first before this court; that the defendants owned and were operating an amusement park and swimming pool for profit; that the defendants were sued as trading under the name of McKinley Park Company Inc.; that they had made application for a charter for McKinley Park Inc.; that on May 2, 1931, before the grant of a charter, at the instance and through the negotiations of the defendant McKinley, the insurance company issued and delivered to the acting secretary of the defendants a policy of liability insurance covering accidents to patrons of the park and swimming pool, and on July 2, 1931, the defendants paid the premium to the insurer; that on July 8, 1931, a short time before the grant of the charter, the accident at the pool resulted in the plaintiff's injuries; and that a charter was granted to the McKinley Park Inc. at the July term, 1931, of Baldwin superior court. The designated insured in the policy of liability insurance was "McKinley Park Inc." The judge overruled plaintiff's motion to qualify and purge the jury, passing this order: "The evidence is undisputed that

this policy was written in favor of a corporation, and not in favor of an individual; and even if they did pay the costs or even if they did pay the attorneys' fees voluntarily, in law they would not be bound for any verdict that might be rendered in this case, in the event there is a verdict rendered by the jury, unless they desire to pay it; they would not be legally bound for it. So, therefore, I hold it would not be proper to ask the jurors whether or not they are employees in this insurance company. So let the twenty-four jurors come back." The trial resulted in a verdict in favor of the defendants. The plaintiff's motion for new trial was overruled, and she excepted.

1. The motion to dismiss the writ of error on the ground that there is no prayer in the bill of exceptions that this court correct the alleged errors of the lower court or for any relief therefrom is without merit. The alleged errors are specified in the bill of exceptions, with the request that the trial judge certify the bill of exceptions in order that the case "may be carried to the Court of Appeals of Georgia, so that the errors alleged to have been committed may be considered and corrected."

2. Those who have dealt with a corporation as such can not deny its corporate existence. One who has contracted with a corporation as such can not, in an action to enforce the contract, set up the invalidity of its corporate existence. Code of 1933, § 22-714; *Cason* v. *State,* 16 *Ga. App.* 820, 829 (86 S. E. 644) ; *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896) ; *Imboden* v. *Etowah &c. Mining Co.,* 70 *Ga.* 86; *Collins* v. *Citizens Bank,* 121 *Ga.* 513 (49 S. E. 594) ; *Torras* v. *Raeburn,* 108 *Ga.* 345 (33 S. E. 989) ; *Hall* v. *Kimsey,* 48 *Ga. App.* 605 (173 S. E. 437). Therefore an insurance company that issues a policy of liability insurance to a purported corporation pending its application for corporate charter, and receives from the applicants a premium for such policy, can not, in an action on the policy for a claim arising after the issuance of the policy but before the grant of the charter, set up the want of corporate existence in the insured at the time of the issuance and delivery of the policy or at the time of the accident giving rise to the claim. *Planters &c. Bank* v. *Padgett,* 69 *Ga.* 159; *Petty* v. *Brunswick &c. R. Co.,* 109 *Ga.* 666 (35 S. E. 82) ; *Brown* v. *Atlanta R. &c. Co.,* 113 *Ga.* 462 (39 S. E. 71) ; Hamburg-Bremen Fire Ins. Co. *v.* Ohio Valley Dry Goods Co.,

160 Ky. 252 (169 S. W. 724, Ann. Cas. 1916B, 944); Bon Aqua Imp. Co. *v.* Standard Fire Ins. Co., 34 W. Va. 764 (12 S. E. 771); 14 C. J. 228-230, 234, §§ 236, 240. Under these authorities the defendants can not take advantage of the fact that a charter had not been granted to them as McKinley Park Inc. at the time of the accident resulting in the plaintiff's alleged injuries, and that therefore the insurance policy issued and delivered to them before the grant of their charter, which policy purported to insure the corporation against all accidents at the amusement park and swimming pool, did not cover the accident to the plaintiff.

3. "Where, on the trial of an action to recover damages for personal injuries sustained, . . it appears that the defendant carries liability insurance, and the plaintiff by timely motion requests the trial judge to qualify the jury by purging the panel of any and all persons who are employees of, stockholders in, or related to stockholders in the defendant's insurance carrier, it is error for the court to refuse the request, although the insurance carrier is not a party to the action and the plaintiff does not affirmatively show that some of the jurors are employees of, stockholders in, or related to stockholders in the insurance carrier." *Tatum* v. *Croswell,* 49 *Ga. App.* 27 (174 S. E. 258); s. c. 178 *Ga.* 679 (174 S. E. 140); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (174 S. E. 131); *Coleman* v. *Newsome,* 179 *Ga.* 47 (174 S. E. 923). Applying the above principles, the judge erred in refusing to grant the plaintiff's motion to qualify the jury by purging the panel of employees and stockholders and relatives of stockholders of the insurance carrier which issued the policy of insurance covering accidents at the park and pool of the defendants, and received the premium therefor, although the policy was made to a corporation which had not been created at the time, and which insurance carrier paid the appellate court costs in this case and paid a fee to the attorneys for the defendants. The judge erroneously based his denial of this request on the ground that the insurance carrier would not be liable under the contract of insurance, because the insured named therein was a corporation and when this accident happened a charter had not been granted to such insured and it was not in existence. The failure of the judge to sustain this motion rendered further proceedings in the case nugatory; and as a verdict in favor of the defendants was not demanded, a new trial is required. *Coleman* v. *Newsome,* 49 *Ga. App.* 522.

4. The plaintiff duly requested the court to charge the jury that "Under the comparative-negligence rule which obtains 'in Georgia, where negligence by both parties is concurrent and contributes to the injury, recovery is not barred, but plaintiff's damages are diminished proportionately, provided that his fault is less than the defendants, and that by the exercise of ordinary care he could not have avoided the consequences of defendants' negligence after it was or should have been apparent." The judge refused to give this in charge and this refusal is assigned as error in one of the grounds of her motion for new trial. The plaintiff alleged in her petition that the "negligent acts of the defendants were the sole, proximate, and direct causes of her injury, and that she was free from any fault and did not contribute in any way to the said negligent acts of the defendants because of her tender and immature age." The defendants, in their answer, denied this allegation. There was evidence as to the alleged negligence of the defendants. They contended that the plaintiff was injured because of her own negligence, that she was not free from fault, and that it was her running heedlessly that caused her to slip on the cement. The court instructed the jury that the plaintiff could recover if the defendants were negligent, as charged by her, in the operation and construction of the swimming pool, provided the plaintiff exercised the due care required of a child of her age. The court further instructed the jury the correct rule as to due care in a child of tender years. In these circumstances, contributory or comparative negligence was involved under the pleadings and the evidence. *Atlanta Coach Co. v. Curtis,* 43 *Ga. App.* 56, 57 (157 S. E. 922). It follows that the judge erred in not giving to the jury the requested instruction. The correct doctrine on the subject of comparative negligence is set forth in complete form in the opinion in this case on its former appearance here. See 48 *Ga. App.* 262, 265.

5. The other grounds of the motion for new trial show no error in the admission or exclusion of evidence, or in the charge of the court or the failure to charge as requested. With the above exception, the charge as a whole was fair and without error.

Applying the above rulings, the judge erred in overruling the motion for a new trial.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*