### 1795.  ORR *v.* McLEAY *et al.*

1. It is grossly irregular for a magistrate in the trial of a case to dismiss the action because of facts disclosed by the testimony, before the plaintiff has closed his case and while he still proposes to introduce additional testimony; yet this court will not reverse the judgment of the judge of the superior court in overruling a certiorari brought to review the magistrate's action, where it appears, from the statement of the plaintiff in error as to what his theory of the case was and as to what he could have shown in the justice's court if he had been permitted to proceed with his testimony, that he had no cause of action, and that the result of the trial, though irregularly reached, was nevertheless the only correct result that could have been reached under his contentions.

2. One who deals with a corporation as a corporation is estopped, in a suit growing out of the transactions so had, from denying the legal existence of the corporation.

Certiorari, from Fulton superior court—Judge Ellis. January 26, 1909.

Submitted May 20,—Decided July 6, 1909.

Orr brought suit in a justice's court against "J. A. McLeay, J. S. Jarvis, and W. H. Moss, doing business at The Physicians' Co-operative Company. He claimed against the defendants $20.62 on an account for money had and received. On the trial in the magistrate's court it appeared that McLeay and others had incorporated a company under the name of the Physicians' Co-operative Company. The president of the corporation, Dr. Goss, sold to the plaintiff five shares of the capital stock, of the par value of $10 per share, on an agreement that he was to pay 25 per cent. in cash, and that the balance of the purchase-price was to be realized from dividends paid on the stock. He paid the $12.50 to McLeay, the secretary of the company, and a certificate for the

27

five shares of stock was sent him. This certificate stated that the Physicians' Co-operative Company was incorporated under the laws of Georgia. He also took the corporation's receipt for the $12.50, stating that it was the first instalment of the purchase-price of the stock and that the balance was to be paid by dividends. Two dividends of $4.50 each were subsequently declared, and receipts in the corporate name were sent to him, and it was stated in them that these dividends had been applied on his contract. When these facts appeared from the plaintiff's own testimony, the magistrate refused to hear further evidence, and dismissed the case. He carried the case, by certiorari, to the superior court, and there the judge overruled the certiorari. He contends that if he had been allowed to proced with the proof, he could have shown that Dr. Goss, who made the contract with him, was the agent of the defendants, and that the defendants received the money and used it; also that the Physicians' Co-operative Company was never legally organized, and that McLeay and others were not officials of the company; that the ten per cent. of the capital stock required by law to be paid in before a corporation can be legally organized was never paid in; that the scheme was abandoned, and the attempt to organize the corporation proved abortive, and that he received nothing for his money.

*J. L. Hull, Cam. D. Dorsey,* for plaintiff.
*Samuel A. Boorstin,* for defendants.

POWELL, J. (After stating the foregoing facts.)

1. Of course it was grossly irregular for the magistrate to cut the plaintiff off and dismiss his case before he had closed it, and while he was still offering to introduce testimony. Yet, after hearing the plaintiff's full contention, we are satisfied that no harm has been done him. The declaration of the result was untimely, but no other result than that declared could have been reached. We do not grant reversals, especially in certiorari cases, for. irregularities, where the result, though irregularly reached, is the one which would have been reached if all due regularity had been regarded. *Meeks* v. *Carter,* 5 *Ga. App.* 421 (63 S. E. 517).

2. The plaintiff dealt with the defendants, not as the promoters of, but as the officers of a corporation. He bought the stock not from them as individuals, but from the corporation. The corporation, if it was not legally organized, was nevertheless as

to him a de facto corporation. In the very case before us, the plaintiff, among other things, sues for dividends declared by the corporation on his stock. Having thus dealt with the Physicians' Co-operative Company as a corporation, he is estopped to deny the legality of its organization. *Imboden* v. *Etowah Mining Co.*, 70 *Ga.* 86; *Planters' Bank* v. *Padgett*, 69 *Ga.* 164; *Ga. So. R. Co.* v. *Mercantile Trust Co.*, 94 *Ga.* 314 (21 S. E. 701, 32 L. R. A. 208, 47 Am. St. R. 153); Hudson *v.* Greenhill Seminary, 113 Ill. 618. The proposition relied on by the plaintiff in error, that one who pays over to the promoters of a prospective corporation money for the purpose of organizing it may recover the money from the promoters if the plan proves abortive, is of no applicability where one's transactions are not with the promoters as such, but with the corporation as an organized entity.

*Judgment affirmed.*