### 25289. WEST *v.* FLYNN REALTY COMPANY.

DECIDED APRIL 27, 1936. REHEARING DENIED JULY 6, 1936.

*Louis M. Talham, Louis A. Burton,* for plaintiff in error.
*Ray Williams, Colquitt, MacDougald, Troutman & Arkwright,* contra.

SUTTON, J. █ Where a tenant rents land from a corporation, and the lease is executed in the name of the corporation by an insurance company as mortgagee in possession, and shortly after the tenant enters upon the premises the charter of the landlord corporation expires, but the tenant continues to occupy the premises and to pay rent and deal with the landlord as a corporation,

and where thereafter the tenant becomes in arrears with his rent, and a suit is instituted against him in the name of the landlord corporation to recover possession of the premises and the accrued rent, it appearing that the mortgagee had authority from the mortgagor to rent and handle the property and to institute proceedings for the recovery of possession or rent in the name of the mortgagor, it is no defense to the suit that the charter of the landlord corporation had expired before the institution of the suit and the accrual of the alleged indebtedness. Under the record in this case, the defendant West is estopped to deny the existence of the plaintiff as a corporation, or its right to maintain the present action against him, on the ground that its charter has expired. Especially is this true where it appears from the record, according to the contention of the tenant, that he had continued to deal with the landlord as a corporation, after the expiration of its charter, not only by continuing in possession and paying rent, but by entering into an oral agreement by which the former lease was canceled and another rental contract made between the same parties. It is the general rule that a person who has contracted or otherwise dealt with a corporation as such is estopped to deny its corporate existence in any action arising out of or involving such contract. For instance, "where a person enters into a contract with a body purporting to be a corporation, and such body is described in the contract by the corporate name . . or is otherwise clearly recognized as an existing corporation, such person thereby admits the legal existence of the corporation for the purpose of any action that may be brought to enforce the contract, and in such an action he will not be permitted, by a plea of nul tiel corporation or otherwise, to deny the legality of its corporate existence." See 14 C. J. 228, note 14, and cit.; *Torras* v. *Raeburn,* 108 *Ga.* 345 (33 S. E. 989), *Imboden* v. *Etowah etc. Mining Co.,* 70 *Ga.* 86; *Orr* v. *McLeay,* 6 *Ga. App.* 417 (65 S. E. 164); *Brown* v. *Atlanta Ry. & Power Co.,* 113 *Ga.* 462, 468 (39 S. E. 71); *Rogers* v. *McKinley,* 52 *Ga. App.* 161 (182 S. E. 805); Code, § 22-714.

Moreover, as the law now is, a corporation is not entirely extinct by the expiration of its charter. Code, §§ 22-601, 22-602, 22-1208, 22-1210, 22-1211, 22-1301; *Huey* v. *National Bank,* 177 *Ga.* 64 (169 S. E. 491), and cit. After its expiration, the charter may be renewed as provided by statute, and "if it is so revived, . .

all that the 'corporation' may have done in the meantime shall be 'held as the acts and doings of the original corporation so revived.'" Where the record shows no facts to the effect that a revival of the landlord corporation may not yet be had, the period within which it may be done not having expired, "the company is to be treated as a de facto corporation." *Huey* v. *National Bank,* supra.

"The tenant may not dispute his landlord's title." Code, § 61-107.

■ The verdict and judgment against the defendant in the dispossessory proceedings in this case, for rent and for possession of the premises, were not contrary to law and the evidence because the plaintiff realty company was not the landlord, in that it appears that the defendant was tenant of the Northwestern Mutual Life Insurance Company. It appears that the insurance company was a mortgagee in possession under a contract under which it had the right to maintain an action in the name of the plaintiff to recover any rents due on the premises. Generally, and unless the contract provides otherwise, the mortgagee in possession of real estate of the mortgagor collects the rents as trustee and agent for the mortgagor, and applies the same to the extinguishment of the mortgage debt. Its acts, regarding the custody and management of the mortgaged premises in so far as any tenant is concerned, are the acts of the mortgagor. This is not a case where the mortgagee had foreclosed its mortgage and by legal sale of the premises had acquired title and taken possession under such title. The defendant was not a tenant of the mortgagee as owner, but as mortgagee in possession. The rights, duties, and liabilities between the plaintiff and the insurance company, as mortgagee in possession, did not affect the tenant's liability. See generally, on this subject, 41 C. J. 612, 627, §§ 580, 604 et seq.

■ The statement of the plaintiff's attorney that the plaintiff was not seeking to recover any rent, but was only seeking to recover possession of the premises, would not amount to a retraxit. A retraxit is the act by which a plaintiff abandons his claim and withdraws his suit. Its effect is to bar all actions of a like or a similar nature. Code, §§ 3-507, 3-508; *Harvey* v. *Boyd,* 24 *Ga. App.* 561 (101 S. E. 708).

■ The verdict and judgment were not void because the affidavit to obtain the warrant was taken out and sworn to on behalf of the plaintiff by Ray Williams, attorney for the mortgagee. As stated, the mortgagee in possession in this case acted for the plaintiff mortgagor, and had authority to institute this proceeding in the plaintiff's name. In so instituting this proceeding by swearing to the affidavit required, this attorney as attorney for the mortgagee in possession was acting for the plaintiff mortgagor. See Code, § 61-402; *Newton* v. *Daniel Co.*, 14 *Ga. App.* 152 (80 S. E. 509).

■ The defendant leased two offices from the plaintiff for one year beginning February, 1934, at a monthly rental of $30. The defendant occupied these offices and paid the rent until October, 1934, when he desired to change his office to a single office in the same building. The defendant alleged that he entered into an oral agreement that he rent a certain other office in the building for one year at $15 per month, the lease to start on November 1, 1934, and that at the instance of the plaintiff's agent in charge of renting offices in this building and negotiating and closing leases with tenants, upon notice given to him by the defendant, then agreed to and did cancel the written lease and did make the oral agreement. The defendant further set up that when he moved out from these two offices and started to move into the new office pursuant to this agreement, he found the same still occupied by other lawyers; that he so notified the plaintiff's agent, who thereupon told the defendant to go back and occupy his two former offices until he, the agent, could get such persons out of the new office, and the defendant could pay rent on the new office at the rate of $15 per month and continue to occupy his former offices until such time; that the defendant did so, but did not use both of his former offices, and the plaintiff took charge of the one he did not use, and had it locked; that the defendant paid the rent of $15 a month for November and December on the new office, and also paid all rent on his former offices up to November 1, 1934, at the rate of $30 monthly; that the defendant offered to pay the rent on the new office of $15 a month for the months of January and February, 1935, but the plaintiff's agent refused to accept the same; and that the plaintiff's agent did not succeed in having the new office vacated, and the plaintiff now has no right to disregard such oral agreement with the defendant and to dispossess him, based upon

his failure to pay rent under the written lease (which was abrogated and done away with under the subsequent agreement) for the months of November and December, 1934, and January and February, 1935, and up to the time of the institution of the action in March, 1935. There being evidence tending to show the above, the judge erred in directing a verdict for the plaintiff, based on the defendant's failure to pay rent under the written lease. See *Shanks* v. *Cowart*, 48 *Ga. App.* 30 (171 S. E. 774). It follows that the judge erred in overruling defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*