## 46708. ASSOCIATED DISTRIBUTORS, INC. v. WESTPHAL.

HALL, Presiding Judge. In a suit on open account for a balance due of $1,490, the plaintiff appeals from the verdict and judgment of $500 and from the denial of its motions for a new trial and judgment n.o.v.

Defendant is a cabinetmaker who ran an account with a branch of the plaintiff building supply company as an individual. Defendant was employed later by a building and repair company called Troope, Inc. Defendant then requested that plaintiff open an account in Troope's name and helped prepare the credit application. This application was denied by plaintiff's home office. At this time defendant suggested that the materials for Troope's various projects be charged to his account. Defendant testified, "I told Cash & Carry that—they knew I was working for Troope—that we was going to use my credit for their materials until they got credit established. And they applied for credit which was turned down. So, it was still continued to be used in—materials used for Troope was charged in my name. . ."

This arrangement was carried on for about two years. Defendant and other Troope employees purchased large quantities of supplies on defendant's account. All the invoices were made out in defendant's name and the bills

were sent to him at the Troope office address. Most of the payments were made by a check drawn on Troope's account. Although defendant's account originally had a purported limitation of $500, during the period he was with Troope the account often ran into several thousand dollars. When there was a question of past due payment, plaintiff's branch manager usually called one of the Troope officers. Plaintiff introduced as business records the original invoices and the account ledger to show an indebtedness of $1,490.54. Defendant offered no evidence to dispute the amount, but did object to the admission of the records in total because of some discrepancies between invoice numbers as they appeared on the ledger and on the originals. Following motions for directed verdict by both parties, the court allowed the case to go to the jury on the issue of to whom the credit was in fact extended. The jury returned a verdict of $500.

In whatever way the jury reached this figure, it is contrary to both the law and the evidence. It seems likely that it found the credit was extended to defendant but that the old account limitation somehow came into play. This, of course, was not an issue at all, and if it were, the benefit could not be claimed by defendant. The only effect of such a limitation would be to justify a seller in refusing to extend further credit. Here the seller obviously waived the limitation and the buyers took advantage of the waiver.

The evidence is clear that credit was originally extended to defendant and specifically denied to Troope. Under the uncontradicted evidence the arrangement whereby Associated Distributors, Inc. (Cash & Carry, or West Cash & Carry) supplied materials to Troope, Inc., upon the credit of Westphal and charged them to his account was an original undertaking of Westphal and he is obligated to pay the account. The facts are strikingly like those in *Maddox v. Pierce,* 74 Ga. 838. See also *Sext v. Geise & Co.,* 80 Ga. 698 (1) (6 SE 174).

Therefore, the court erred in denying plaintiff's motion for judgment n.o.v.

*Judgment reversed. Eberhardt and Clark, JJ., concur.*

SUBMITTED NOVEMBER 3, 1971—DECIDED JANUARY 6, 1972.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*R. R. McCauley,* for appellee.