28306. CAHOON et al. v. WARD et al.
28307. CLINE et al. v. WARD et al.

JORDAN, Justice. This appeal stems from a judgment of the trial court dismissing the complaint for failure to state a claim upon which relief could be granted.

On November 3, 1972, the appellant Cahoon filed his petition in Fulton Superior Court against Cullen M. Ward and Parris D. Bennett, which as amended, alleged substantially as follows: That on July 18, 1970, the defendant Bennett, holder of fee simple title to the subject property in Fulton County, executed a ground lease on said property in favor of Sandy Springs West, Inc., said lease being executed on behalf of Sandy Spring West, Inc., by Paul R. Cline as President. The lease was to begin on the 15th of November, 1970, and run to the 15th day of November, 2035, at a stipulated rental of $16,000 per year; that on May 12, 1970, prior to the execution of the lease a name certificate was procured from the Secretary of State for Sandy Springs West, Inc., by Cahoon and Cline acting as promoters of said corporation, which name certificate was valid for a period of 4 months after issuance. The petition further alleges that on December 30, 1972, the defendant Ward as attorney for the defendant Bennett in a letter addressed to Mr. Dick Cline gave notice that he had advised Mr. Bennett that the lease was void in view of the fact there was no such corporation as Sandy Springs West, Inc., in Fulton County. The petition further alleged that prior to that date, on December 2, 1970, that the defendant Ward procured a name certificate himself for Sandy Springs West, Inc., and on the same date the defendant Bennett did lease to the defendant Ward the same property described in the lease of July 18, 1970, upon the same terms and conditions as those set out in the original lease to Sandy Springs West, Inc. The petition further alleged that on November 15, 1971, Sandy Springs West, Inc., was duly incorporated under the Laws of Georgia and that on February 14, 1972, the lease executed by Bennett to Sandy Springs West, Inc., on July 18, 1970, was transferred and assigned by Sandy Springs West, Inc., to the plaintiff Gordon Cahoon. The petition further alleged that on July 18, 1970, and all times relevant hereto, that Sandy Springs West, Inc., was a "defacto" corporation, and that up to and including January 7, 1971, Sandy Springs West, Inc., had complied with all terms of the lease agreement including

payment to Bennett of $2,500, which he still holds, and tender of all monthly rentals required thereunder; that the defendant Bennett at the time of execution of said lease and thereafter did deal with Sandy Springs West, Inc., as a corporate entity capable of transacting business and is "therefore estopped from denying the legality of the corporate existence or its right to contract as such by virtue of Code Ann. § 22-5103."

The plaintiff asked for a declaratory judgment concerning his rights to the leasehold interest in the subject property, for injunctive relief, and cancellation of the lease between Ward and Bennett. In the second count of his petition Cahoon sought damages in the amount of $3,000,000 against Bennett and Ward for breach of contract and attorney fee. In a subsequent amendment to his complaint the plaintiff alleged causes of action in trespass against Ward and Bennett and damages against Ward for the intentional tortious interference with the contractual relationship.

To this petition Ward filed his answer and the defendant Bennett filed a motion to dismiss for failure to state a claim upon which relief could be granted, lack of jurisdiction over both the person and the subject matter, and improper venue. In addition Bennett filed a counterclaim against Cahoon as well as a third party complaint against the appellant Cline and Sandy Springs West, Inc., and asked the Superior Court to name Cline and the corporation as third parties, which motion was granted. Cline and Sandy Springs West, Inc., filed answers and Cline filed a counterclaim against the defendants Ward and Bennett and also a counterclaim against the plaintiff Cahoon.

All the motions set forth above came on for hearing on June 4, 1973, at which time Bennett requested that the trial judge rule only on his motion to dismiss for failure to state a claim and presented no argument concerning his plea to the jurisdiction over the person and subject matter and improper venue.

The trial court ruled that the July 18, 1970, lease agreement "was and is void for the reason that the facts revealed in the complaint show that there existed no corporation, Sandy Springs West, Inc., on the date of such purported lease." After making such determination, and based thereon, the court dismissed Cahoon's complaint on the grounds that it failed to set forth a claim upon which relief could be granted; overruled Cahoon's motion to dismiss certain paragraphs of Bennett's counterclaim; and dismissed the counterclaim of the appellant Cline and the

corporate entity known as Sandy Springs West, Inc. The court then signed an order for immediate review, and this appeal followed. *Held:*

1. It is well recognized that a complaint should not be dismissed for failure to state a claim unless the plaintiff cannot recover under any theory or state of provable facts. Sufficient allegations were made in the petition which, if proved, could result in application of the doctrine of corporation by estoppel, a doctrine which is still viable in Georgia. Thus it appears that the trial court erred when it held as a matter of law that the lease of July 18, 1970, was void merely because on that date Sandy Springs West, Inc., was not a de jure corporation.

The general rule in this state is that a person who contracts or deals with a corporation as such will be estopped to deny its corporate existence in an action arising out of or involving the contract. Our appellate courts have stated many times that when a person enters into a contract with an entity purporting to be a corporation, and such entity is described in the contract by its corporate name, such person admits the legal existence of the corporation with reference to any action brought to enforce the contract, and for the purpose of that action will not be allowed to question the legality of the corporate existence. *Imboden v. Etowah & Battle Branch &c. Mining Co.,* 70 Ga. 86; *Orr v. McLeay,* 6 Ga. App. 417 (65 SE 164); *Brown v. Atlanta R. &c. Co.,* 113 Ga. 462, 468 (39 SE 71); *Rogers v. McKinley,* 52 Ga. App. 161 (182 SE 805); *West v. Flynn Realty Co.,* 53 Ga. App. 594, 595 (186 SE 753); *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187).

Under the new Georgia Business Corporation Code effective April 1, 1969, there is no longer any concept of a de facto corporation as far as that doctrine applies to defectively incorporated domestic corporations. Kaplan's Nadler Ga. Corp. Law, § 3-9. This view is supported by Code Ann. § 22-804 which makes the Secretary of State's certificate of incorporation conclusive evidence of incorporation except as to the State. In addition to the above, Code Ann. § 22-204 makes persons assuming to act as a corporation before their certificate of incorporation has been issued jointly and severally liable for all debts and liabilities arising as a result of those acts.

Although de facto corporations have been eliminated in this state, the comments after Code Ann. § 22-204 contain the following language: "The doctrine of corporation by estoppel will not be affected by this section. See Code Ann., former § 22-714, which

the new Title 22 specifically retains as § 22-5103." Code Ann. § 22-5103 states that: "The existence of a corporation, claiming a charter under color of law, cannot be collaterally attacked by persons who have dealt with it as a corporation. Such persons are estopped from denying its corporate existence." Without the re-enactment of Code Ann. § 22-5103 into the Corporation Code, we perceive that the doctrine of corporation by estoppel as well as de facto corporations would have been eliminated and "put to rest." This has been the conclusion in other jurisdictions where such language as found in our Code Ann. § 22-5103 is not included in the Business Corporation Code. For an excellent discussion on this point see Robertson v. Levy, 197 A. 2d 443 (D. C. Ct. of App.)

The petition in this case alleges that prior to and at the time the lease was executed the appellants held themselves out as Sandy Springs West, Inc., and that Bennett dealt with them as such corporation. Such allegations, if proven, would authorize the application of the doctrine of corporation by estoppel.

We reverse the judgment of the trial court in so far as it dismissed Cahoon's complaint and Cline's counterclaim for failure to state a claim upon which relief could be granted. The correctness of the other rulings of the trial court cannot be determined until after an evidentiary hearing and a ruling on the applicability of the doctrine of corporation by estoppel to the proven facts.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 28, 1973 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*White, Webb & Jewett, C. Lawrence Jewett,* for Cahoon.
*Swertfeger, Scott, Pike & Simmons, Joseph Szczecko,* for Cline.
*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant,* for appellees.