62138. DON SWANN SALES CORPORATION v. ECHOLS.

SOGNIER, Judge.

Don Swann Sales Corp. (Swann) sued Echols on an open account in the amount of $4,777.48. The account was in the name of Cupid's, Inc., a corporation purportedly registered by Echols with the Secretary of State. Echols raised the defense of corporation by estoppel and denied any individual liability on the account. The case was tried without a jury after which the trial court entered its findings of fact and conclusions of law. Relying on the doctrine of corporation by estoppel, the trial court entered judgment in favor of Echols and Swann appeals.

Appellant contends that the trial court erred in applying the doctrine of corporation by estoppel and that the law applicable to the instant case is found in Code Ann. §§ 4-409, 4-410 and 22-204. These code sections, in essence, provide for the individual liability of an agent acting for a non-existent principal.

The trial court made the following findings of fact: "Upon trial of the case, Plaintiff's attorney, with the consent and approval of Defendant's counsel, stipulated the following facts into evidence; (1) that the Plaintiff had dealt exclusively with an entity known as Cupid's, Inc., (2) that the Plaintiff had extended credit to an entity know as Cupid's Inc. rather than the Defendant individually . . ."

The trial court also found that although Echols *thought* that Cupid's, Inc. had been properly incorporated in January 1980, and that Swann dealt exclusively with an entity known as Cupid's, Inc., in fact, the corporation was not "properly" registered with the Secretary of State until October 16, 1980. The transactions at issue took place prior to the time of the actual incorporation of Cupid's, Inc.

The Business Corporation Code of Georgia has eliminated the doctrine of de facto corporations as applied to defectively organized corporations pursuant to Code Ann. § 22-204, which provides: "All persons who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation to the incorporator or incorporators or his or their attorney shall be jointly and severally liable for all debts and liabilities incurred or arising as a result

thereof." (Acts 1968, pp. 565, 578.)

However, Code Ann. § 22-5103 has retained the doctrine of corporation by estoppel. That section provides: "The existence of a corporation, claiming a charter under color of law, cannot be collaterally attacked by persons who have dealt with it as a corporation. Such persons are estopped from denying its corporate existence." We think that the trial court was incorrect in applying the doctrine of corporation by estoppel where it is undisputed that the corporation was not in existence at the time that the transactions in question took place. Rather, Code Ann. § 22-204 is the applicable code section under the circumstances of this case.

"The general rule in this state is that a person who contracts or deals with the corporation as such will be estopped to deny its corporate existence in an action arising out of or involving the contract. Our appellate courts have stated many times that when a person enters into a contract with an entity purporting to be a corporation, and such entity is described in the contract by its corporate name, such person admits the legal existence of the corporation with reference to any action brought to enforce the contract, and for the purpose of that action will not be allowed to question the legality of the corporate existence. *Imboden v. Etowah & Battle Branch &c. Mining Co.,* 70 Ga. 86; *Orr v. McLeay,* 6 Ga. App. 417 (65 SE 164); *Brown v. Atlanta R. &c. Co.,* 113 Ga. 462, 468 (39 SE 71); *Rogers v. McKinley,* 52 Ga. App. 161 (182 SE 805); *West v. Flynn Realty Co.,* 53 Ga. App. 594, 595 (186 SE 753); *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187)." *Cahoon v. Ward,* 231 Ga. 872, 874 (204 SE2d 622) (1974).

In *Cahoon,* a lease had been assigned to the plaintiff (Cahoon) by the alleged corporation. Prior to execution of the lease the corporation had procured a name certificate from the Secretary of State; however, the certificate expired after four months. Cahoon attempted to enforce the lease and the defendant filed a motion to dismiss, claiming the lease was invalid because the corporation did not exist. The Supreme Court applied the doctrine of estoppel by corporation and reversed the grant of defendant's motion to dismiss. Id., at 875.

In *Walker v. Knox & Associates,* 132 Ga. App. 12 (207 SE2d 570) (1974), this court was presented with a factual situation similar to the case at bar. The plaintiff corporation entered into a contract with the defendant for construction work to be done. The corporation was not certified at the time the contract was executed but was subsequently incorporated. Plaintiff corporation sued for payment on the contract and for work performed on quantum meruit. The defendant admitted the contract but defended on the basis of breach. The trial

court held the contract was invalid because the corporation was nonexistent but found in favor of the plaintiff on the basis of quantum meruit. This court affirmed the judgment on quantum meruit but held that the contract was valid because the defendant, having dealt with plaintiff as a corporation, was estopped from denying the corporation's existence. In *Walker,* the purported *corporation* sued to enforce its rights under the contract, and this court found that the doctrine of corporation by estoppel applied.

Once again, in *Lamas v. Baldwin,* 140 Ga. App. 37 (230 SE2d 13) (1976), this court held that corporation by estoppel applied. However, in *Lamas* the plaintiff sued both the corporation and the agent of the corporation individually. There was no question of the legal existence of the corporation.

The question we are asked to decide here is whether an *individual* purporting to act for a non-existent corporation can escape liability on a contract by defending on the basis of the non-existent corporation. We do not think that the doctrine of corporation by estoppel should be applied under these circumstances.

It is well settled that "one who assumes to act as agent for a non-existent principal or one having no legal status renders himself individually liable in contracts so made. *Shiflett v. John W. Kelly & Co.,* 16 Ga. App. 91, 94 (84 SE 606); *Powers v. Brunswick-Balke-Collender Co.,* 19 Ga. App. 706 (2) (91 SE 1062); *Hagan v. Asa G. Candler, Inc.,* 59 Ga. App. 587, 591 (1 SE2d 693), aff. 189 Ga. 250 (5 SE2d 739, 126 ALR 108)." *Brown-Wright &c. Corp. v. Bagen,* 112 Ga. App. 300, 303 (145 SE2d 294) (1965); *West v. Federal Deposit Ins. Corp.,* 149 Ga. App. 342, 347 (254 SE2d 392) (1979). Where the evidence supports a finding that the purported corporation is *not* a valid corporate entity, there is no doubt that the agent is bound by his purchases on an open account. *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123, 127 (240 SE2d 603) (1977).

The trial court in the instant case found that the corporation, Cupid's, Inc., was *not* in existence at the time that Swann conducted business with Echols, even though the parties *thought* the corporation had been registered with the Secretary of State. Under the circumstances, the trial court erred in applying the doctrine of corporation by estoppel. This is not a case where the corporation purportedly existed under "color of law," but rather where no corporation existed at all. Here there is no equitable ground for application of the doctrine because persons who do business as a corporation without even a colorable organization must know that they are not a corporation and are not therefore misled or injured. See 18 CJS Corporations, § 111 j. To hold otherwise would permit an

agent acting for a non-existent principal to escape liability by claiming that he thought the corporation was in existence when, in fact, no entity existed. See *Hagan v. Asa G. Candler, Inc.,* supra., at p. 258. We do not think the legislature intended such a result in preserving the doctrine of corporation by estoppel in the Business Corporation Code.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 2, 1981 —
REHEARING DENIED DECEMBER 1, 1981 —

*Edwin G. Russell,* for appellant.
*Frank J. Shannon III,* for appellee.