## 63662. ECHOLS v. VIENNA SAUSAGE MANUFACTURING COMPANY.

McMURRAY, Presiding Judge.

In late 1978 or early 1979 George P. Echols, Jr. began a joint business venture with a corporation (Townco, Inc.). The business involved purchases from Vienna Sausage Mfg. Co. on open account. Eventually a corporation was to be formed, and on November 15, 1979, a certificate was issued by the Secretary of State reserving the name of " 'CUPIDS, INC.' " (sic) as the name of a proposed domestic corporation. This certificate was to remain effective for a period of four calendar months from the date of issuance and after such time it would be void. On October 15, 1980, another certificate was issued by the Secretary of State reserving, for a period of four calendar months, the name of " 'CUPID'S, INC.' " as the name of a proposed domestic corporation and on October 16, 1980, Cupid's, Inc. was issued a charter.

During the period from June 1980 through October 1980, Vienna Sausage Mfg. Co. contends it made sales on open account to "CUPID S HOT DG #1," "CUPID S #2" and "CUPID #5," that is, making such sales to George P. Echols, individually and doing business as Cupid's #1, #2 and #5. Prior thereto and on 2/28/79, a customer information form had been executed by George P. Echols, as the owner, for the business name Cupid's #1. Vienna Sausage Mfg. Co. contends that it required Echols to make a credit application for purchases in which he obtained credit terms for one week. Echols contends that he obtained no individual credit but that all purchases were to be Cupid's, Inc. in the corporate capacity and that commencing in January 1980 Cupid's, Inc. would be dealing with Vienna Sausage Mfg. Co. in a corporate capacity.

Subsequently, Vienna Sausage Mfg. Co., as plaintiff, brought this action to recover monies due on the account (in reality three separate accounts of "CUPID S HOT DG #1," "CUPID S #2" and "CUPID #5") against George P. Echols, individually and doing business as Cupid's #1, Cupid's #2 and Cupid's #5.

The defendant answered denying in general the claim, admitting only jurisdiction and added a defense of corporation by estoppel in that the plaintiff dealt with Cupid's, Inc., doing business as Cupid's Hot Dogs, a Georgia corporation, and not the defendant Echols.

The case proceeded to trial resulting in a jury verdict. Judgment followed the verdict, and the defendant appeals. *Held:*

1. The first enumeration of error complains of the denial of defendant's motion for mistrial when a witness for the plaintiff referred to Mr. Echols as a wealthy man living in an expensive part of town and as "the 'Porno King' of Atlanta" contending that the witness was attempting to inflame the jury against him. Motion for mistrial was denied (outside the jury's presence). The trial court then instructed the jury to disabuse their minds of any implication by reason of the testimony by the witness that Mr. Echols was a wealthy man and was "the 'Porno King' of Atlanta" since it was hearsay, irrelevant and had nothing to do with this case as to whether or not the defendant owed the plaintiff the money involved in the suit. The court then requested of the jurors whether the statement would color their judgment in the case and whether they felt they could not render a fair verdict based solely upon the evidence. The court then stated it would assume that all of the jury (having remained silent) was putting this aside and that the jury could render a fair verdict based upon the evidence introduced from the witness stand; whereupon the objection (motion for mistrial) based upon the "unfounded remarks made by the witness" was renewed by defendant's counsel and again overruled in open court. The curative measures in such situations as above is largely a matter of discretion for the trial court, and where proper curative measures are taken no abuse of discretion is shown. The trial court did not err in refusing to grant a mistrial. See *Hixson v. Barrow,* 142 Ga. App. 65, 68 (4) (234 SE2d 805); *Patterson v. Castellaw,* 119 Ga. App. 712, 717 (2) (168 SE2d 838); *Avery v. State,* 209 Ga. 116, 128 (5) (70 SE2d 716).

2. The second enumeration of error alleges it was error for the trial court to disallow the introduction of Exhibit No. 3, a certificate of registration for sales tax (exemption) with the Georgia Department of Revenue, defendant having testified that he had given that tax number to the plaintiff, the court holding it lacked relevancy unless it was shown that the plaintiff had called the Department of Revenue and asked them whose name it was in. Defendant contends the exhibit was relevant to show that the plaintiff was dealing with Cupid's, Inc., doing business as "Cupid's Hot Dogs Unit No. 1 through 5," seeking to show that the business operation by and between the parties involved at all times Cupid's, Inc., and not the defendant individually.

First of all, the record does not disclose the exhibit so as to establish its contents, and we have no way of ascertaining its relevance here. The defendant argues that the general rule is that a person who contracts or deals with a corporation as such will be

estopped to deny its corporate existence in an action arising out of or involving the contract, citing *Cahoon v. Ward,* 231 Ga. 872, 875 (204 SE2d 622). In that case the Supreme Court discussed the doctrine of corporation by estoppel holding that it was still viable in Georgia under Code Ann. § 22-5103 (Ga. L. 1968, pp. 565, 818), that is, the existence of a corporation, claiming a charter under color of law, cannot be collaterally attacked by persons who have dealt with it as a corporation and such persons are estopped from denying its corporate existence. The court also therein set forth that de facto corporations had been eliminated in this state, that is, the certificate of incorporation by the Secretary of State now conclusively establishes the evidence of incorporation of domestic corporations and Code Ann. § 22-204 (Ga. L. 1968, pp. 565, 578) makes persons assuming to act as a corporation before their certificate of incorporation has been issued jointly and severally liable for all debts and liabilities arising in assuming to act as a corporation before the issuance of the certificate of incorporation. Therefore, not only for the reason that we do not have the exhibit for consideration of this enumeration of error, we also note that the corporation here did not come into existence until October 16, 1980, and it thus appears that the corporation Cupid's Inc. was not in existence at the time that most, if not all, of the transactions in question in the case sub judice took place. Under those circumstances, the doctrine of corporation by estoppel could not be applied to those purchases there being no corporation in existence during those periods. See the recent case of *Don Swann Sales Corp. v. Echols,* 160 Ga. App. 539, 542 (287 SE2d 577). We find no merit in this complaint inasmuch as the sales (purchases) seemingly have occurred prior to the incorporation.

3. The remaining enumeration of error contends that the trial court erred in instructing the jury that if the plaintiff proves by a preponderance of the evidence that the plaintiff dealt with Echols and extended credit to him in his individual capacity, then in that event, the plaintiff would be entitled to recover and the jury would be authorized to so find. Under the statutory law shown above in Code Ann. § 22-204, supra, we do not find the charge as given to be burden shifting as the defendant contends. Based upon the evidence presented in this case the charge was unobjectionable as an abstract principle of law. See *Byrd v. Brand,* 140 Ga. App. 135 (230 SE2d 113). Where a purported corporation is not a valid existing corporate entity, an agent for such non-existent entity is bound for his purchases on an open account. See *Patterson v. Duron Paints of Ga., Inc.,* 144 Ga. App. 123 (240 SE2d 603); *Don Swann Sales Corp. v. Echols,* 160 Ga. App. 539, 542, supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided April 19, 1982.

*Frank J. Shannon III,* for appellant.
*Robert P. Wildau,* for appellee.