## 67122. GOODWYNE v. MOORE et al.

CARLEY, Judge.

Appellee-plaintiffs instituted this civil action against appellant-defendant, seeking to recover the principal, unpaid interest and attor-

ney fees due on two promissory notes executed on December 15, 1978, and April 3, 1979. Appellant answered, denying liability, and filed a counterclaim. Appellant was granted summary judgment as to the indebtedness evidenced by the promissory note dated April 3, 1979, and, therefore, the subject of this appeal concerns only the promissory note dated December 15, 1978. That note was in the amount of $30,000, and was signed, "C&N Industries, Inc., by Charles Goodwyne, Pres." At trial, appellant denied any individual liability on the promissory note, and raised the defense of corporation by estoppel. The jury returned a verdict in favor of appellees and appellant appeals from the judgment entered thereon.

1. Appellant enumerates as error the denial of his motion for a directed verdict, contending that the doctrine of corporation by estoppel precludes appellees' assertion of a claim against him individually. Appellees, however, deny the applicability of the doctrine of corporation by estoppel in this case, asserting that C&N Industries, Inc. was not in "existence" at the time the promissory note was executed by appellant in the purported capacity of its president.

The evidence adduced at trial shows the following: Prior to the execution of the promissory note, the parties had already established an active financial relationship. Appellee Louise Moore testified that she first approached appellant for the purpose of lending him money, because a mutual friend had informed her that appellant was "trying to get a business started." Over the course of the following years, appellant formed several corporations, and the parties executed numerous promissory notes totaling an amount over $60,000. All of these notes were executed either by "Mobile Home Listing & Locator Service, Inc.," or "Budget Homes, Inc.," followed by appellant's name as president of the respective corporation. Payments on these notes which were made by the corporations were accepted by appellees, as evidenced by receipts issued by appellees to the corporations.

The parties subsequently executed the promissory note at issue. That note was signed, "C&N Industries, Inc. By Charles Goodwyne, Pres." Appellees accepted payments from C&N Industries, Inc. (C&N Industries) and issued receipts to C&N Industries for payments made on the note. Following default on the note, appellees initially filed a complaint against C&N Industries, alleging that the corporation was indebted to them as evidenced by the promissory note. C&N Industries filed a confession of judgment. Appellees only subsequently initiated the instant civil action, alleging appellant's individual liability on the same promissory note, and denying the existence of C&N Industries.

The doctrine of corporation by estoppel is viable in this state. "The existence of a corporation claiming a charter under color of law cannot be collaterally attacked by persons who have dealt with it as a

corporation. Such persons are estopped from denying its corporate existence." OCGA § 14-5-4. See *Cahoon v. Ward*, 231 Ga. 872, 874 (204 SE2d 622) (1974). "It is the general rule that a person who has contracted or otherwise dealt with a corporation as such is estopped to deny its corporate existence in any action arising out of or involving such contract. For instance, 'where a person *enters into a contract with a body purporting to be a corporation, and such body is described in the contract by the corporate name* . . . or is otherwise clearly recognized as an existing corporation, *such person thereby admits the legal existence of the corporation* for the purpose of any action that may be brought to enforce the contract, and in such an action he will not be permitted . . . to deny the legality of its corporate existence.' [Cits.]" (Emphasis supplied.) *West v. Flynn Realty Co.*, 53 Ga. App. 594, 595 (186 SE 753) (1936). Appellees in the instant case clearly entered into a contract with a body described therein by a corporate name.

Appellees, however, rely upon *Don Swann Sales Corp. v. Echols*, 160 Ga. App. 539 (287 SE2d 577) (1981), for the proposition that the doctrine of corporation by estoppel is inapplicable to the instant case. In *Don Swann*, this court held that where an individual purports to act for a *non-existent* corporation, the doctrine of corporation by estoppel will not be applied. " '[O]ne who assumes to act as agent for a non-existent principal or one having no legal status renders himself individually liable in contracts so made. [Cits.]' [Cits.] Where the evidence supports a finding that the purported corporation is *not* a valid corporate entity, there is no doubt that the agent is bound by his [execution of a promissory note]." *Don Swann Sales Corp. v. Echols*, supra at 541.

However, *Don Swann*, is clearly distinguishable from the instant case. In *Don Swann*, the corporation in question was not " 'properly' registered with the Secretary of State," and therefore was not in existence until sometime after the occurrence of the transactions at issue between the parties. In the case at bar, the evidence shows that appellant incorporated C&N Bottle Shop, Inc. (C&N Bottle) on October 11, 1978. The articles of incorporation provided that the purpose of the corporation was to operate a retail store selling bottled beverages, "and any other business for profit permitted under the Georgia Business Corporation Code." However, appellant was unable to obtain financing to open a liquor store, and therefore decided instead to establish a salvage operation. On December 11, 1978, a Name Certificate was obtained for C&N Industries. Four days thereafter, the promissory note at issue was executed by C&N Industries. On February 26, 1979, approximately two months after the execution of the note, C&N Bottle filed articles of amendment with the Secretary of State, "changing its name to C&N Industries, Inc."

Thus, unlike *Don Swann*, a corporate entity was in "existence" at the time the note was executed but was undergoing a name change to C&N Industries. The certificate of incorporation issued by the Secretary of State is "conclusive evidence of incorporation." *Cahoon v. Ward*, supra at 874. See OCGA § 14-2-173. The relevant certificate of incorporation was filed on October 11, 1978, well before the execution of the note. Following the issuance of the certificate of incorporation, the corporation merely changed its name from C&N Bottle to C&N Industries. A corporate name change is routinely accomplished by merely amending the articles of incorporation. OCGA §§ 14-2-190; 14-2-194. Such a procedure does not cause a new corporation to come into "existence." Thus, we find that the instant case does not come within the rule established in *Don Swann*. Compare *Echols v. Vienna Sausage Mfg. Co.*, 162 Ga. App. 158 (290 SE2d 484) (1982) where a name certificate had been obtained, but a certificate of incorporation had not yet been issued on the dates in question.

Appellees, by accepting the instant promissory note from a "body purporting to be a corporation" and described in the note by a corporate name, have admitted the legal existence of C&N Industries, and are estopped from denying its legal existence in a suit to enforce the note. This conclusion is further supported by the evidence that appellees had dealt with appellant exclusively as an agent for a corporation on numerous occasions in the past. Furthermore, appellees issued receipts to the corporation for its payments on the note before its default. See *Cahoon v. Ward*, supra; *City of Jefferson v. Holder*, 195 Ga. 346, 353 (24 SE2d 187) (1943); *Planters' and Miners' Bank v. Padgett*, 69 Ga. 159, 164 (1) (1882); *Rogers v. McKinley*, 52 Ga. App. 161 (182 SE2d 805) (1935).

2. Appellees assert that even if they are estopped from denying the corporate existence of C&N Industries, as we have held in Division 1, appellant's motion for a directed verdict was still properly denied. Appellees contend that it remained for the jury to determine whether appellant signed the note as an agent for C&N Industries or in an individual capacity.

OCGA § 11-3-403 (3) provides as follows: "Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." Thus, in the instant case, the note itself evidences a corporate, rather than a personal obligation. See *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646 (307 SE2d 121) (1983).

Appellees, however, contend that their own assertions at trial that appellant executed the note in his individual capacity was sufficient evidence to create a question of fact in this regard. "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the

relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law." *Salters v. Pugmire Lincoln-Mercury*, 124 Ga. App. 414 (184 SE2d 56) (1971). Appellees, who are outsiders to the relationship, offered nothing other than their bare assertions that appellant was not an agent of C&N Industries. "Thus, we have the [factual assertion] of agency by the purported principal and agent, and the [bare conclusory assertions of appellees to the] contrary . . . Does this create a material issue of fact? We find that it does not." *Brewer v. Southern &c. Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) (1978). See also *Stone v. First National Bank of Atlanta*, 159 Ga. App. 812 (4) (285 SE2d 207) (1981).

Thus, there was no probative evidence in the record of this case that would authorize a finding that appellant executed the note in any capacity other than that of president of C&N Industries. It follows that the trial court erred in denying appellant's motion for directed verdict. See *Larry's Mobile Homes v. Robins Federal Credit Union*, 161 Ga. App. 822 (288 SE2d 800) (1982); *Yeomans v. Coleman &c. Drug Co.*, supra; *Modern Free and Accepted Masons of the World v. Cliff M. Averett, Inc.*, 118 Ga. App. 641 (1) (165 SE2d 166) (1968); *First National Bank of Atlanta v. C & S Concrete Structures*, 128 Ga. App. 330 (196 SE2d 473) (1973); OCGA § 11-3-403 (3).

3. In view of our holding that appellant's motion for a directed verdict was erroneously denied, it is unnecessary that we address any remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1984.

*Dock H. Davis*, for appellant.
*E. Lewis Hansen*, for appellees.