77245. VIDEO POWER, INC. et al. v. FIRST CAPITAL INCOME PROPERTIES, INC.
(373 SE2d 855)

BANKE, Presiding Judge.

The appellee sued the appellants, Video Power, Inc., and Robert A. Powers, to recover payments allegedly due under a lease agree-

ment. Powers had purportedly signed the lease in his representative capacity as president of the named lessee, Video Power, Inc. of Augusta, which is evidently a separate entity from the appellant corporation, Video Power, Inc. The latter corporation had apparently assumed the rights and obligations of Video Power, Inc. of Augusta under the lease pursuant to a document subsequently executed by Powers as president of both companies.

Powers defended the action on the ground that he had signed the lease solely in a representative capacity and thus had not obligated himself personally. The trial court granted summary judgment to the appellee on this issue, based on undisputed evidence showing that the named lessee (Video Power, Inc. of Augusta) had not yet been issued a certificate of incorporation by the Secretary of State at the time Powers signed the lease on its behalf. This appeal is from a judgment subsequently entered against the appellants jointly and severally in the amount of $29,395.15, following a non-jury trial on the issue of damages. Video Power, Inc., is only nominally designated as an appellant, no issue having been raised concerning its liability. *Held*:

1. The judgment against Powers was authorized pursuant to OCGA § 14-2-23, which provides as follows: "All persons who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation to the incorporator or incorporators or his or their attorney shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

The trial court properly rejected Powers' defense that the doctrine of "estoppel by corporation" precluded a recovery against him personally based merely on the non-existence of the corporate principal at the time the lease agreement was signed. The doctrine of estoppel by corporation is set forth at OCGA § 14-5-4, as follows: "The existence of a corporation claiming a charter under color of law cannot be collaterally attacked by persons who have dealt with it as a corporation. Such persons are estopped from denying its corporate existence." Although the Official Comment to OCGA § 14-2-23 specifies that the latter Code section was not intended to lessen the applicability of the estoppel by corporation doctrine, this court has held in no uncertain terms that the doctrine does not permit an individual to escape liability for obligations undertaken as an agent for a corporation which has not yet been "registered" (i.e., issued a certificate of incorporation) by the Secretary of State. See *Don Swann Sales Corp. v. Echols*, 160 Ga. App. 539, 541 (287 SE2d 577) (1981); *Echols v. Vienna Sausage Mfg. Co.*, 162 Ga. App. 158 (2), 160 (290 SE2d 484) (1982). Compare *Goodwyne v. Moore*, 170 Ga. App. 305 (316 SE2d 601) (1984). It follows that the trial court did not err in granting summary judgment to the appellee on this issue.

2. Appellant Powers further contends that the trial court erred in

failing to consider the effect of a "certificate of estoppel" which, he claims, he executed in connection with the assignment of the original lessee's rights and obligations under the lease agreement to Video Power, Inc. However, it does not appear that any argument based on this document was asserted in the trial court; and if the document is contained in the record before us, its location therein has not been disclosed by Powers; nor, in fact, have the appellants provided this court with any specific references to the record. See generally Court of Appeals Rule 15 (c) (3) (i). Consequently, this contention presents nothing for review.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1988.

*Gene Geary, Murl E. Geary,* for appellants.
*Gary Wisenbaker,* for appellee.