A90A1327. JONES v. BURLINGTON INDUSTRIES, INC.
(397 SE2d 174)

BIRDSONG, Judge.

Appellant Jones appeals the order of the trial court granting appellee Burlington Industries' motion notwithstanding the verdict, and setting aside the jury verdict in favor of appellant/defendant and entering judgment for the appellee/plaintiff.

Appellee brought suit against appellant on an unpaid account. The pertinent facts, inter alia, are as follows. In mid-1986, appellant was doing business under the name RBJ Textiles and was not then incorporated. Appellant sought a line of credit from appellee. In the time frame of August or September 1986, appellant sent appellee a financial statement. Appellant made an admission in open court that the statement was a personal financial statement, although it apparently listed only personal business assets therein. The financial statement was prepared under the name "Ronnie B. Jones d/b/a RBJ Textiles," and appellee initially opened the account for appellant under this particular name. On September 10, 1986, November 21, 1986, and February 18, 1987, certain letters of credit were issued to appellee by the Fidelity Savings Bank on behalf of appellant, under the name of "Ronnie B. Jones D/B/A RBJ Textiles." On September 12, 1986, an agent of appellee noted the change of the name of appellant's account

to "Ronnie B. Jones, Inc. D/B/A — RBJ Textiles," with certain notations, including a notation that this is "how the Letter of Credit was opened up." In all subsequent billings and invoices of the account by appellee, the account was thereafter treated as "Ronnie B. Jones, Inc., d/b/a RBJ Textile(s)," except one credit memorandum of December 14, 1987, reflects a sale to "Ronnie B. Jones, DBA RBJ Textile." Appellant wrote several checks to appellee payable on account. The fronts of these checks are imprinted "RBJ Textiles" and are signed with appellant Ronnie Jones' signature; appellant made an in-court admission that the signature card for this checking account, although bearing the notation of a "corporate account," listed the account as "Jones, Ronnie or Brenda Jones d/b/a RBJ Textiles," and contained two authorized signatures including appellant Jones' signature as "owner." In January 1987, appellee attempted to obtain a written personal guarantee from appellant Jones and his wife, but they apparently refused to execute such a document. Appellant's purchase of goods from appellee between April and June, 1987, is the subject of this suit on unpaid account.

The evidence of record is uncontradicted that no corporation ever was in existence under the name of "RBJ Textiles, Inc.," "Ronnie B. Jones, Inc.," "Ronnie B. Jones, Incorporated," "RBJ, Inc.," or "RBJ Textiles." However, effective March 2, 1987, appellant did obtain a certificate of incorporation for "RONJON, Inc.," apparently after appellant was unsuccessful in incorporating under the name "RBJ Textiles." At some point in time after RONJON was incorporated, appellant registered "RBJ Textiles" as a "trade name" for RONJON. (T 67-68). Appellant admitted in open court that he never mentioned to appellee that he was acting as an agent for RONJON, Inc., or that RONJON, Inc., was incorporated. Appellant's counsel further admitted in judicio that "Mr. Jones has testified . . . that he never told [appellee] that RONJON, Inc. existed," and that "we don't dispute that." *Held*:

1. The standards for granting a directed verdict or a judgment notwithstanding the verdict are the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable inferences therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50. Thus, in reviewing grant of a directed verdict or a judgment notwithstanding the verdict, we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury. Where the jury has ruled, this court must view the evidence in the light most favorable to the party who secured the jury verdict. *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554); accord *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329 (1) (304 SE2d 131).

2. In granting appellee's motion notwithstanding the verdict, the

trial court found the case of *Don Swann Sales Corp. v. Echols*, 160 Ga. App. 539 (287 SE2d 577) to be controlling in regard to appellant's assertion of corporation by estoppel, as set forth in former OCGA § 14-5-4, and concluded for reasons expressly stated that "[t]he application of the doctrine of corporation by estoppel would be inequitable in the instant case. . . ." (Note: this case does not involve an interpretation of the 1988 Georgia Business Corporation Code, which became effective on July 1, 1989.)

The appellant, relying primarily upon *Goodwyne v. Moore*, 170 Ga. App. 305 (316 SE2d 601), asserts that the doctrine of corporation by estoppel is in issue in the case sub judice, and that the trial court erred in granting appellee a judgment notwithstanding the verdict.

Appellee in essence asserts that the critical date for examining this issue is the late summer of 1986 when it extended the line of credit to appellant, and at which time there was in existence no corporation whatsoever. Conversely, appellant argues that the critical date is between April and June 1987, when all sales for which appellee was suing on account were effected, and at which time RONJON was duly incorporated. We find that the controlling date is the date when the line of credit was "originally extended" (cf. *Associated Distributors v. Westphal*, 125 Ga. App. 271 (187 SE2d 322)), and that there was no corporation "claiming a charter under color of law" in existence at the time the account was opened and the line of credit obtained, within the meaning of OCGA § 14-5-4. The doctrine of corporate estoppel historically has been accorded a relatively limited application in this state. See generally *Cahoon v. Ward*, 231 Ga. 872 (204 SE2d 622); 39 Emory L. J. 523, 574-580, An Empirical Study of Defective Incorporation (Spring 1990). Further, "this court has held in no uncertain terms that the doctrine [of corporation by estoppel or estoppel by corporation] does not permit an individual to escape liability for obligations undertaken as an agent for a corporation which has not yet been 'registered' [i.e., issued a certificate of incorporation] by the Secretary of State." *Video Power v. First Cap. Income Prop.*, 188 Ga. App. 691, 692 (1) (373 SE2d 855); accord *Don Swann*, supra; compare *Echols v. Vienna Sausage Mfg. Co.*, 162 Ga. App. 158 (290 SE2d 484). One who assumes to act as agent for a non-existent principal or for a principal having no legal status renders himself individually liable in contracts so made. *Don Swann*, supra at 541. "All persons who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation . . . shall be jointly and severally liable for all debts and liabilities incurred or arising as a *result* thereof." (Emphasis supplied.) OCGA § 14-2-23, repealed eff. July 1, 1989; compare OCGA § 14-2-204, eff. July 1, 1989.

Appellant argues that he should not be penalized for dealing with appellee through use of the registered trade name of RBJ Textiles,

and that a mere misnomer of a corporation is not of material consequences if the identity of the corporation intended is clear or can be ascertained by proof. At the outset we note that RONJON, Inc., was not in existence until long after the line of credit had been established. Obviously, appellant's dealings with appellee under the name of RBJ Textiles or RBJ Textiles, Inc., before RONJON, Inc., had been issued its certificate of incorporation could not have been accomplished as a registered trade name or trade style of RONJON, Inc. Moreover, the record in this case fails to disclose any evidence as to the date that appellant registered its trade name or the nature of that registration. Accordingly, accepting that RBJ Textiles at some point became a registered trade name of RONJON, Inc., appellant has failed to establish that a corporate trade name was registered at any time relevant to this suit. Nor do we believe that a misnomer occurred in this case at any point in time. Unlike the situation in *Robinson v. Reward Ceramic &c.*, 120 Ga. App. 380 (170 SE2d 724), the variance in the names used in dealing with appellee and the actual name of the subsequently created corporation, RONJON, Inc., was not clerical in nature and was a *substantial* variance in name content. In fact, the names of RBJ Textiles, Inc., and RBJ Textile(s) on their face appear to be completely separate legal entities from that of RONJON, Inc. Compare *Robinson,* supra at 381. Thus, the use of the names RBJ Textiles, Inc., and RBJ Textile(s), particularly in light of appellant's admissions that he never informed appellee of the incorporation or existence of RONJON, Inc., did not place appellee on notice that it was, at any point in time, dealing with the RONJON, Inc., "as a corporation" within the meaning of OCGA § 14-5-4. Nor is there any evidence of any written or express oral agreement with plaintiff that RONJON, Inc., would be substituted as the legal entity to assume liability for the indebtedness on account. Compare *Carnes v. Mobley's Tire &c.*, 134 Ga. App. 913 (216 SE2d 703).

Further, appellee had no duty to search the public records in an attempt to discover whether any of the names being used by appellant were or were not registered trade names. As a general rule, " 'where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it.' " *Clonts v. Associated Distributors*, 132 Ga. App. 558, 559 (2) (208 SE2d 570). We find no reason to depart from this general rule in this case; particularly, as even if appellee had searched the public records it could not have discovered the registration of the corporate trade name until such registration occurred, and the evidence of record fails to establish this date. Additionally, we find that the use of the names RBJ Textile(s) and RBJ Textiles, Inc., by appellant, before such time as such name was legally registered as a trade name of RONJON, Inc., would have been only as a fictitious or as a per-

sonal business trade name. " ' "An undertaking by an individual in a fictitious or trade name is the obligation of the individual." ' " *Pinson v. Hartsfield &c. Commerce Center*, 191 Ga. App. 459, 461 (382 SE2d 136), citing *Hawkins v. Turner*, 166 Ga. App. 50, 51-2 (303 SE2d 164).

*Goodwyne*, supra, and *Pinson*, supra, are factually distinguishable from this case and are not dispositive of the issue before us. The trial court did not err in relying on the precedent of *Don Swann*, supra (as at the time the line of credit was extended there was in existence no valid corporate entity), and in granting appellee's motion notwithstanding the verdict. *Don Swann*, supra; *Echols*, supra at 160. Finally, assuming arguendo, that a valid corporation had been in existence at the critical point of this venture, nevertheless, we agree with the trial judge that the application of the doctrine of estoppel would be inequitable in this case. Appellant failed to come before the trial court with clean hands by its failure to reveal the subsequent existence of RONJON, Inc., and by its utilization of the benefit of dealing with appellee under the other various names shown by the record, none of which was a valid corporation or corporation existing under color of law. In such circumstances, appellant is not entitled to the benefits of equity by utilizing the doctrine of corporation by estoppel to escape personal liability. Cf. *Murawski v. Roland Well &c.*, 188 Ga. App. 760, 765 (374 SE2d 207).

Appellant's enumerations of error and assertions in support thereof also are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Minor, Bell & Neal, Rick L. Brown, Sara-Ellen Midkiff*, for appellant.

*John H. Watson*, for appellee.